Abila *v.* Padilla.

## ABILA *et als. v.* PADILLA *et. al.*

CITATION to heirs, to show cause against probate of will, etc. not served, is no objection to the jurisdiction of the Probate Court, if the heirs *answer.*   The want of due service, goes only to the *service* itself.

APPEAL from the Probate Court, Los Angeles County.

Juan, Rosa, and Pedro, Abila, Executors named in the will of Antonio Ygnacio Abila, deceased, filed a petition in the Probate Court of Los Angeles County, on the 15th October, 1858, praying that the will of Abila, deceased, be admitted to Probate, and that they be appointed Executors thereof.

On the same day, the Probate Judge made an order, fixing the 1st of November, 1858, as the time of hearing.   Also ordered, that citations issue, and be served upon Appellant, and others, heirs of the deceased, mentioned in the will, and residents of Los Angeles, directing them to appear on the 1st of November, 1858, and show cause why the will of Abila should not be admitted to probate.   Also, that all persons interested in the estate of Abila be notified to appear on that day; and that the subscribing witness to the will be cited to appear.

On the same day, a citation was issued, under the seal of the Court, and delivered to the Sheriff of Los Angeles, ordering Appellant and other heirs to appear on the 1st November, 1858.

This citation was duly served upon Appellant on the 30th of October, 1858.

On the 1st of November, 1858, Appellant appeared by her Attorneys, and moved the Court to dismiss the petition of the Executors, upon the following grounds:

1. Because the citation was not served and returned a sufficient time before the hearing.

2. Because the notice of hearing was not given by publication in some of the three weekly newspapers of Los Angeles County.

The Court below overruled the motion to dismiss, and exceptions were taken.

An answer was then put in contesting the will.

Issues were framed, by agreement, and sent to the District Court for trial. At the March Term, 1859, of this Court, the issues were all found in favor of the Respondents, and so certified back to the Probate Court.

The 23d of May, 1859, being set for the final hearing of the cause, the Appellant renewed his original motion to dismiss the petition, for insufficient service of the citation, which was again overruled, the whole cause submitted to the Court, and judgment rendered, affirming the will, and appointing the Respondents Executors thereof. Contestants appeal.

*Thos. Sunderland,* for Appellants.

Section 14th of the Act respecting estates of deceased persons, (Wood's Digest, 393,) directs the issuance of a citation to the heirs of the testator resident in the county, but prescribes no time for the service or return of the same, nor is there any section in the whole Act which specially gives directions as to the disposition of this particular writ.

Section 290 of the same Act, (Wood's Digest, 420,) directs that when no other time is specially prescribed, citation shall be served and returned at least five days before the hearing or return day.

The service and return were insufficient, and the Appellant was never properly in Court, the citation having been served on her only two days before the hearing, no waiver of the informality was ever made by her, as her motion to dismiss and objection to the insufficiency of the service were made and filed as soon as the cause was called for hearing, and before any other proceedings were had. (*Whitwell* v. *Barbier,* 7 Cal. 54; *Bigelow* v. *Stearns,* 19 Johns. 39; *Kilburn* v. *Woodworth,* 8 Id. 37; *Fenton* v. *Garlick,* Id. 194; *Robinson* v. *Ward,* Id. 86; *Mills* v. *Martin,* 19 Id. 7—33; *Denning* v. *Corwin & Roberts,* 11 Wend. 647; *Shaw* v. *McGregor,* 8 Cal. 521; *Gray* v. *Hawes,* Id. 562.)

The parties appeared, it is true, but only to object to the

sufficiency of the service, and were in fact forced in without legal notice. Their appearance in Court on the day set was no waiver of their rights, when they excepted at once to the action of the Court. (*Gray* v. *Hawes*, 8 Cal. 562 ; *Deidesheimer* v. *Brown*, Id. 339.)

*Geo. Cadwalader* and *C. T. Botts*, for Respondents.

1. The motion of Appellant in the Court below was to dismiss the petition of Respondents, because the citation was served upon her one, instead of four, days, before the hearing.

If the service of the citation had been insufficient, that might be cause to set aside the service thereof, and require the petitioners to bring the heirs before the Court by a proper mode. But this is not cause sufficient to dismiss the petition. (Practice Act, Sec. 515.)

2. The service of the citation upon the 30th of October, 1858, was sufficient. (See Statute concerning the Estates of Deceased Persons, from Title 2, Proof of Wills, Secs. 5, 13, 14, 16, 17, 20, 24; Title 13, Miscellaneous Provisions of the Act concerning Estates, Secs. 288, 290.)

By the service of the citation the Appellant was brought into Court, and her objection, that the service was too near the return day, and that therefore no jurisdiction was acquired, is frivolous. The Court would give the party sufficient time to prepare for trial, in the exercise of a reasonable discretion, which in this case was granted.

We did not act under Sec. 290 of the chapter entitled " Miscellaneous Provisions."

The 290th Section is in conflict with the 13th and 14th Sections. We followed the 13th and 14th, and ignored the 290th Section.

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

This was a proceeding in the Probate Court of Los Angeles County, upon a petition praying for the probate of a will, and the issuance of letters testamentary. The petition was presented to the Probate Judge on the 15th of October, 1858, and on the same day he issued a citation to the heirs of the deceased,

citing them to appear on the 1st of November, 1858—the day designated for the hearing of the petition, and show cause why the prayer of the petition should not be granted. On the day appointed, certain of the heirs appeared in Court, and, through their counsel, moved to dismiss the application and proceedings of the petitioners, on the ground of objections to the *service* of the citation. The Court overruled the motion, and the parties thereupon answered to the merits of the petition.

It is unnecessary for us to decide the question raised on the argument, whether these parties, in answering the petition, waived any of their rights under their preliminary motion to dismiss. That motion, as made, was properly overruled, for, however well grounded the objections to the service of the citation may have been, they could only affect the service itself, and did not invalidate any other portion of the proceedings. The answer gave the Court jurisdiction of the parties, and it is perfectly immaterial whether a citation ever issued.

Judgment affirmed.