IN RE ESTATE OF CHARLEBOIS, DECEASED.

6   373
9   247

CHARLEBOIS, respondent, *v.* BOURDON, ADM'R, ETC., appellant.

WILLS — *Probate* — *Notice of hearing* — *Publication* — *Revised Statutes of Montana, page 195, sections 13, 16.* — Under the Revised Statutes of Montana, page 195, section 13, requiring that notice of the hearing of a petition for the probate of a will shall be published at least three times, upon three different days of publication, when published in a weekly newspaper, and section 16, page 195, providing that at the time of hearing the court must require proof that the notice has been given, which, being made, it must hear proof of the will, the court has no jurisdiction until these requirements are complied with ; and where the notice of hearing is published only twice, in a weekly paper, an order admitting a will to probate and appointing an administrator with the will annexed is void.

SAME — *Revocation* — *Impeaching decree admitting to probate* — *Probate courts* — *Revised Statutes of Montana, page 192, section 1.* — Although, under the Revised Statutes of Montana, page 192, section 1, the records, judgments and decrees of courts of probate in the territory have the same force and effect as those of courts of general jurisdiction therein, yet, where an order of a probate court admitting a will to probate recites that notice of hearing proof of the will was published according to law, such order is not conclusive on that point when the records show that the notice was not published the number of times required by law.

*Appeal from Second District, Missoula County.*

PETITION to set aside probate of a will and appointment of administrator.

STEVENS & BICKFORD, for the appellant.

WOODY & MARSHALL, for the respondent.

WADE, C. J.     This is an appeal from a judgment and order of the district court affirming an order of the probate court of Missoula county, vacating and setting aside an order of said court admitting a certain written instrument, purporting to be the last will and testament of Charles Charlebois, deceased, to probate, and the appointment of Leon Bourdon, the legatee therein named, administrator

with the will annexed of said decedent. The order vacating the order of admission to probate was made upon the petition of Hilaire Charlebois, a son of the deceased, on behalf of himself, a daughter, and a grand-daughter, heirs at law of said deceased.

It appears from the record that on the 22d day of November, 1880, the said Leon Bourdon presented a paper purporting to be the last will and testament of Charles Charlebois, late of Missoula county, deceased, to the probate court of said county, dated September 3, 1880, in which said Leon Bourdon is named as devisee, together with a petition, in which is set forth the date of the death of said deceased, a description and the value of his estate, the names of the subscribing witnesses to his will; that the same was executed by the testator, under no duress, restraint, or undue influence; and that the testator died at the age of seventy, leaving no heirs or next of kin in the territory or elsewhere, to the knowledge of said petitioner. Wherefore the petition prayed that said will be admitted to probate, and that he be appointed administrator of said estate with the will annexed. Thereupon said probate court appointed Saturday, the 4th day of December, 1880, at 1 o'clock, P. M., for hearing said application for admission of said will to probate, and ordered the clerk of said court to publish a notice thereof, not less than ten days before the day of such hearing, in the Weekly Missoulian, a newspaper printed and published in said county of Missoula, which order was dated on the 22d day of November, 1880. Thereafter, on the said 4th day of December, 1880, the court made an order continuing said hearing until the 11th day of December, 1880, at 1:30, P. M.

It further appears that on the 10th day of December, 1880, proof of publication of notice of said hearing was filed, in which the publisher of said newspaper makes affidavit that said notice was published in his said newspaper for two consecutive weeks, in the issues of November 26, and December 3, 1880. Thereafter, on the 13th day of

December, 1880, the court, having taken the proof, admitted said will to probate, and issued letters of administration, with the will annexed, to said Leon Bourdon, who proceeded to settle said estate, and on the 16th day of August, 1881, rendered his final account; whereupon said court, on the 12th day of September, 1881, entered an order of distribution, decreeing and distributing the whole of said estate to said Leon Bourdon, the sole devisee under said will. Afterwards, on the 25th day of September, 1885, Hilaire Charlebois, a son of said deceased, for himself and the other heirs at law, presented a petition to said probate court, asking that the probate of said pretended will be set aside, and that the order appointing said administrator be annulled, for the reason, among others, that said court never acquired jurisdiction to make the order admitting said will to probate, for that, by the terms of the statute in such case made and provided, before any last will and testament can lawfully be admitted to probate, notice of the time and place of hearing for that purpose is required to be published for three consecutive weeks in some newspaper of general circulation in the county where such hearing is to take place; whereas notice of the hearing in question was published for only two consecutive weeks. Thereafter, on the 20th day of October, 1885, said probate court, after notice, and a hearing, in which said administrator and the petitioners were represented by counsel, adjudged that the order admitting said will to probate is void, and that all subsequent proceedings thereunder are likewise void and of no effect.

From this order and adjudication said administrator appealed to the district court of said county, in which court said order was affirmed, and the order admitting said will to probate adjudged and declared to be a nullity. From this judgment and order said administrator appeals to this court.

The statute in relation to the probate of wills provides that, when the petition is filed and the will produced, the

probate judge must fix a day for hearing the petition. Notice of the hearing shall be given by the clerk of the court, by publishing the same in a newspaper of the county; and that, if the notice is published in a weekly newspaper, it must appear therein on at least three different days of publication. Sec. 13, p. 195, R. S. The statute also provides that, at the time appointed for the hearing, the court must require proof that the notice of hearing has been given, which being made, the court must hear the testimony in proof of the will. R. S. § 16, p. 195.

The court is authorized to hear the testimony in proof of the will after proof of notice of the hearing has been given. But there is no authority to hear the testimony before proof of notice. Notice, as provided by the law, gives jurisdiction. The probate court is of limited jurisdiction. It has its life and being in the statutes. It possesses such authority as is conferred. Jurisdiction comes to it by observing the law. The hearing for the admission of a will to probate is in the nature of an action, and the order thereon is in the nature of a judgment. The heirs at law have the right to be heard. They have the right to be present at the hearing; and if they are not notified thereof, and an order is made without giving them an opportunity to be heard, or to contest the admission of the will to probate, they would stand in very much the same position as if a judgment had been rendered against them without bringing them into court, and giving them an opportunity to answer or defend. No lapse of time would validate such a judgment. It would be dead at its birth, and lapse of time could not bring it to life. It could be attacked anywhere or in any form of proceeding.

The order admitting the will to probate recites that due notice of the time and place appointed for proving the will, and for hearing the petition for that purpose, had been given to all persons interested, as required by law. The probate practice act provides that the proceedings of probate courts shall be construed in the same manner, and with

like intendments, as are the proceedings of courts of general jurisdiction; and as to its records, judgments and decrees, there is accorded like force and effect and legal presumptions as to the records, orders, decrees and judgments of the district court. R. S. § 1, p. 192. The appellant therefore contends that the order admitting said will to probate imports absolute verity, and that it is conclusive upon the question that all persons entitled thereto were given the notice required by law.

The purpose of the publication of notice of the time and place of hearing the petition for the admission of a will to probate, like that of the publication or service of a summons, is to confer jurisdiction by bringing the parties into court. The summons or process for bringing parties into court forms a part of the judgment roll. It is that which authorizes the court to act. It is an essential part of the proceedings leading up to the judgment. Now, the recitals in a judgment do not import absolute verity if they contradict and stultify the record and proceedings upon which the judgment stands, and by which it was obtained. If the judgment recited that the defendants were duly served with summons, and made default, and the judgment roll and record showed affirmatively that the summons was not lawfully served, or that it was not served at all, then the recitals in the judgment would not import absolute verity. They would not import verity when the record of proceedings before the court, and by which the judgment was obtained, show that such recitals are untrue. If the record of the proceedings by which the judgment was obtained was silent, then everything necessary to the validity of the judgment and its verity would be conclusively presumed; but no such presumptions arise when the record of the proceedings shows affirmatively that the recitals contained in the judgment are untrue.

This is not a collateral attack upon the judgment or order admitting the will in question to probate. It is a direct proceeding to have that order or judgment set aside and

held for naught. The children and heirs at law declare that the written document admitted to probate as the will of their father was not his will, and they further declare, what is admitted to be true, that they were not lawfully notified of the time and place when the petition for the admission of the same to probate would be for hearing. They are not in default, for they never had notice.

It is contended that, because the probate court has jurisdiction to open and receive proof of last wills and testaments, and to admit them to probate, and that, as the probate court has admitted the will in question to probate, therefore that is the end of all inquiry on the subject. But the law points out the process by which probate courts become clothed with jurisdiction for that purpose, and until the law is complied with, the jurisdiction does not attach and become operative.

We do not understand by what process of reasoning, or by what sense of morality or justice, these children can be cut off from their legal right to contest the admission of this will to probate; and without giving them their day in court, or an opportunity to be heard, to hand the property of their father over to a stranger. Their father was an old man; and, for all that appears in the record, he had departed this life, his will had been produced in court by a stranger, its sole legatee, and admitted to probate, and his property handed over to this stranger, before the children of the deceased, who lived in another state, had any knowledge of the death of their parent. We do not think that children and heirs at law can be thus easily deprived of their inheritance.

The judgment and order annulling and setting aside the order admitting the paper purporting to be the last will and testament of Charles Charlebois, deceased, to probate, is hereby affirmed, with costs.

*Judgment affirmed.*

McLEARY, J., and BACH, J., concur.