[No. 18229.    Department One.—March 21, 1894.]

ADDIE M. CURTIS, APPELLANT, v. ABBIE M. UNDERWOOD ET AL., RESPONDENTS.

PROBATE OF WILL—PUBLICATION OF NOTICE—CONTINUANCE OF HEARING—NOTICE TO HEIRS—JURISDICTION.—The superior courts have jurisdiction of the subject matter on the probate of wills, and when notice has been duly given by publication to absent and unknown heirs, this substituted service gives to the court jurisdiction over their persons as fully as is given by service of a summons in an ordinary civil action, and the hearing of the cause may be continued for the purpose of procuring service of summons upon the heirs within the state, whose places of residence were known, without the necessity of republishing the notice.

ID.—JURISDICTION—POSTPONEMENT OF HEARING.—The jurisdiction to hear and determine a cause or proceeding involves the power to postpone, for good cause, the time of hearing, unless prohibited by the statute.

ID.—FINAL DECISION—FAILURE TO APPEAL.—Where the notice of the probate of a will required by the code has been given and served, the court requires jurisdiction to hear and determine as to the probate of the will, and if the will is admitted to probate, and no appeal is taken from the order, its action becomes final and conclusive upon the parties.

ID.—CONTEST OF WILL—ESTOPPEL OF WIDOW.—Where a will declares all of the property of the testator to be his separate property, and bequeathes a specified sum to his widow as well as an allowance pending the closing of the estate; and the property has been distributed by a decree to which the widow was a party, she, having received all the benefits provided in the will for her, is estopped from contesting its validity.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order denying a new trial.

The facts are stated in the opinion.

*Louttit, Woods & Levinsky,* for Appellant.

The order of the court that due notice be given to the heirs was equivalent to an express direction that notice should be given by publication and by mailing as required by the code. (*McCrea* v. *Haraszthy,* 51 Cal. 146; See Code Civ. Proc., secs. 1303, 1304.) There was no publication by the clerk in which November 7, 1885, was named as the day on which said matter would be heard. The publication of the so-called notice of continuance signed by Ira Hill Reed as attorney is no official publication, and is no notice whatsoever. (*People* v. *Bailhache,* 52 Cal. 310; *People* v. *Williams,* 64 Cal. 92.) The notice was not in compliance with the statute or the order of the judge and is wholly insufficient to confer jurisdiction. (*Randolph* v. *Bayue,* 44 Cal. 370; *Williams* v. *Sacramento County,* 58 Cal. 237.) When the statute requires that certain persons shall be notified, such provisions must be complied with in order to give the court jurisdiction. (*Randolph* v. *Bayue,* 44 Cal. 370.) Proceedings in probate courts are not according to the course of the common law, and the jurisdiction is special and limited in dealing with estates of decedents.

(3 Redfield on Wills, * 58, 59; *Smith* v. *Rice,* 11 Mass. 507; *Smith* v. *Westerfield,* 88 Cal. 376.)   It is a well-settled principle that where the jurisdiction is special and limited all presumption as to regularity ceases, and the burden of establishing the jurisdiction is thrown upon the party who invokes the benefit of its decree or judgment.   (Freeman on Judgments, 128, sec. 127; *Jordan* v. *Giblin,* 12 Cal. 100; Freeman upon Void Judicial Sales, sec. 5.)   The service upon the minor heir was insufficient, as the attempted personal service was made by the party asking for letters testamentary, who was disqualified from serving the notice.   (Code Civ. Proc., secs. 410, 1713.)   The service being insufficient, the subsequent decree can be collaterally attacked.   (*Lyons* v. *Cunningham,* 66 Cal. 42; *Maynard* v. *MacCrellish,* 57 Cal. 355; *Howard* v. *Galloway,* 60 Cal. 10; *Weil* v. *Bent,* 60 Cal. 603.)   The notice for publication issued by the clerk named October 24th as the day of hearing.   This notice could not be changed after its issuance and its publication.   (*McMinn* v. *Wheelan,* 27 Cal. 313.)   Even if the wife took a beneficial interest under the will she was entitled to one-half of the community property. (*In re Gwin,* 77 Cal. 314; *In re Gilmore,* 81 Cal. 240.) The decree of distribution does not conclude one who claims property by title adverse to the estate; that is, one who claims in community right.   (*In re Rowland,* 74 Cal. 523.)   The plaintiff here claims the undivided interest named as surviving wife of the community.   Her undivided interest and ownership could not be determined or concluded upon a proceeding for distribution.   (*McLeran* v. *Benton,* 31 Cal. 30; *King* v. *La Grange,* 50 Cal. 332; *Estate of Roland,* 74 Cal. 520.)   Upon the death of the husband the wife became tenant in common with the child in the community property, with the title and right of entry, and could maintain ejectment for the whole property as against an intruder, or action to quiet title, as against cotenant, or any other person holding and claiming adversely.   (*McLeran* v. *Benton,* 31 Cal. 30.)

*Reddick & Solinsky,* for Respondents.

The probate of the will and the proceedings in the administration of the estate were regular and valid. (See Code Civ. Proc., secs. 1303–06, 1963.) By reason of the decree of distribution distributing all the property of the estate to the defendant minor, and by reason of the plaintiff accepting her share and benefit of the estate by the same decree, she is estopped from claiming the property in controversy to be community property. (*Noe* v. *Splivalo,* 54 Cal. 207; *Morrison* v. *Bowman,* 29 Cal. 337; see, also, page 350; *Estate of Barton,* 55 Cal. 87; *Estate of Stewart,* 74 Cal. 101.) Plaintiff, having accepted, under the will, a legacy, as well as a monthly allowance, she is estopped from asserting that the judgment or proceedings probating the will by which she obtained this money and benefits is illegal or void. (*Simson* v. *Eckstein,* 22 Cal. 580; *Palmerton* v. *Hoop,* 131 Ind. 23; *Lewis* v. *Lichty,* 3 Wash. 213; *McClenahan* v. *West,* 100 Mo. 309; *Denver City etc. Water Co.* v. *Middaugh,* 12 Col. 434; *Brewer* v. *Nash,* 17 R. I. 793; Bigelow on Estoppel, 3d ed., 571–75; 7 Am. & Eng. Ency. of Law, 22; *Kile* v. *Town of Yellowhead,* 80 Ill. 208; *Bell* v. *Craig,* 52 Ala. 215; *Felch* v. *Gilman,* 22 Vt. 39; *Robertson* v. *Bradford,* 73 Ala. 116; *Hitchcock* v. *Railroad Co.,* 25 Conn. 516; *Walker* v. *Mulvean,* 76 Ill. 18; *Penn* v. *Heisy,* 19 Ill. 295; *Pursley* v. *Hays,* 17 Iowa, 310; *Bumb* v. *Gard,* 107 Ind. 577; *Webster* v. *Bebinger,* 70 Ind. 14; *Sherman* v. *McKeon,* 38 N. Y. 266; *Pool* v. *Breese,* 114 Ill. 594; *Sewall* v. *Herbet,* 37 La. Ann. 155; *Sutton's Appeal,* 112 Pa. St. 598; *Ellis* v. *White,* 61 Iowa, 644; *Robinson* v. *Jones,* 68 Miss. 794; *In re Torfler's Estate,* 23 N. Y. S. Rep. 135.)

SEARLS, C.—This is an appeal from a final judgment in favor of defendants, and from an order of the court denying the motion of plaintiff for a new trial.

Plaintiff is the widow of Weeden Underwood, who since the death of the latter has intermarried with one J. F. Curtis. Plaintiff and said Weeden Underwood were married September 21, 1880. Weeden Underwood

died October 3, 1885, leaving surviving him as heirs the plaintiff and the minor child, Abbie M. Underwood, the defendant herein.

The object of the action is to quiet the title of plaintiff to an undivided one-half of all the interest of Weeden Underwood in and to the land and premises described in the complaint, upon the theory that it was the community property of herself and of her deceased husband, the said Weeden Underwood, to the one-half interest in which she succeeded upon his death.

The answer denies all right and title of plaintiff in and to the property; as to a portion thereof pleads title in the infant defendant acquired by her since the death of her father, and as to the residue avers it to have been the separate property of Weeden Underwood; that he died testate, and that by his last will said property was devised to his daughter, the infant defendant; that the will was duly admitted to probate, and such proceedings had thereunder that by the decree of distribution said property was by the decree of the court in probate duly distributed to the infant defendant.

A copy of the will, the order admitting the same to probate and the decree of distribution thereunder are set out and made a part of the answer.

As a further and separate answer and defense to the action, for the purpose of invoking an estoppel against the plaintiff, defendant averred the execution of a last will by Weeden Underwood by which he bequeathed to plaintiff the sum of two thousand dollars, and a monthly allowance of one hundred dollars per month not to exceed two years, declared all his property to be his separate property, and bequeathed and devised all the residue thereof to the infant defendant.

The answer further avers the death of Underwood, the probate of the will, the payment to and acceptance by plaintiff of the legacy to her, etc.; the distribution of the property under a decree of the probate court, etc.

The findings are in favor of defendant. So far as these findings are to the effect that all the property involved

in the action was separate property of the deceased Weeden Underwood, acquired by him before his marriage to the plaintiff, or purchased and paid for thereafter with the proceeds of his separate property, the contention of appellant against the findings is unavailing, for the reason that the evidence is ample in support of such findings, and, in the face of a substantial conflict in evidence, the facts as found must stand.

The more important assignment of error by appellant is founded upon the claim that at the trial the court erred in admitting in evidence the record of the probate proceedings of the proof of the last will and administration of the estate of Weeden Underwood, deceased, in the superior court of the county of Calaveras.

The facts essential to an understanding of the question at issue are as follows: What purported to be the last will of Weeden Underwood was filed with the clerk of the superior court in and for the county of Calaveras on the sixth day of October, 1885.

At the same time Edgar B. Moore, named in said will as the executor thereof filed the usual petition that said will be admitted to probate, and that letters testamentary issue to him.

In said petition the next of kin and heirs of deceased were alleged to be the plaintiff herein and the minor defendant, the latter of whom was stated to be of the age of about four years, and both of whom were stated to be residents of Calaveras county. Both of said parties, as well as an Odd Fellows' lodge, were stated to be devisees under the will.

On the same day an order was made by the superior judge, appointing October 24, 1885, at ten o'clock A. M., at the courtroom, etc., as the time and place for proving said will, and hearing the application of Moore for letters testamentary, etc., and ordering notice to be given by the clerk by publication in, etc., for not less than ten days before the hearing; that subpœnas issue to the subscribing witnesses, and that notice be served upon the heirs residing in the county, etc.

A copy of this order of the superior judge, signed by the clerk, was published in the Calaveras *Citizen* from October 10th for five successive weeks.

On the twenty-fourth day of October, the day set for the hearing, it appearing that notice had not been served upon the heirs, the hearing was, by an order of the court, postponed until ten o'clock A. M. of Saturday, November 7, 1885, and it was ordered that notice be given to the heirs.    On the same day a copy of the order and notice, with notice of the postponement, was served upon the plaintiff, who acknowledged service thereof in writing, and waived all further notice.    A like copy was on the same day served upon the infant defendant by E. B. Moore.

At the foot of the notice of hearing, as published in the newspaper, there was inserted a notice of the postponement of the hearing by order of the court until November 7th, and it was so published until the hearing. Immediately under the notice of postponement, as published, was the name "Ira Hill Reed, attorney for estate," but whether placed there as the author of the notice, or, as is sometimes done, as indicating him as an attorney in the case, does not appear, and is not as I think, important.

The contention of appellant is that the statute has prescribed in explicit terms how jurisdiction may be acquired to probate a will, viz., by publication by the clerk, and by mailing copy of same notice to heirs resident in the state, or by personal service in lieu of such mailing; that both are necessary to confer jurisdiction; hence that when on October 24th it was found that the notice had not been served upon the heirs, the only order the court could properly make was one fixing anew a day for the hearing, and requiring notice to be again published and served upon the heirs, and that not having done so the court acquired no jurisdiction in the case, and that all its subsequent acts in the premises were void and of no effect.

We regard this view of the case as more technical than the requirements of the statute. Jurisdiction of the subject matter in the probate of wills is given by law to the superior courts.

The statute prescribes the method by which the court may obtain jurisdiction of the persons interested in such probate proceedings. Section 1303 of the Code of Civil Procedure provides that when the petition is filed and the will is produced, the clerk of the court must set the petition for hearing by the court upon some day not less than ten or more than thirty days thereafter, and must publish a notice of the hearing in a newspaper of the county, if there is one published; that it shall be published at least ten days, and if in a weekly paper, it must appear therein at least on three different days of publication, etc.

Section 1304 provides that copies of the notice of the time appointed for the probate of the will must be addressed to the heirs resident in the state, and forwarded by mail, etc., and then provides that "personal service of copies of the notice at least ten days before the day of hearing is equivalent to mailing."

The order admitting the will to probate recites that "due proof being made that notice has been duly given of the time appointed for proving said will and for hearing said petition according to law, to all parties interested."

The notice required to be given to absent and unknown heirs by publication was complete on the twenty-fourth day of October, 1885, the day upon which the cause was set for hearing. It had been published three times in a weekly newspaper with more than ten days between the first and last day of publication.

This was a compliance with the requirement of the statute, and the continuance of the publication, and publication of postponement of the hearing, while eminently proper as calculated to impart notice to such absent heirs, is not required by any positive provision of the law.

As to such absent heirs, this substituted service gave to the court jurisdiction over their persons as fully as is given by service of a summons in an ordinary civil action.

That the court had power to continue the hearing, for the purpose of procuring service upon the heirs within the state whose places of residence were known, we do not doubt. The jurisdiction to hear and determine a cause or proceeding involves the power to postpone for good cause the time of hearing, unless prohibited by positive law.

The code evidently anticipates the necessity for the exercise of such power, for section 1306 of the Code of Civil Procedure provides that "At the time appointed for the hearing, or the time to which the hearing may have been postponed, the court, unless the parties appear, must require proof that the notice has been given."

The clause quoted provides for cases in which a postponement has been had, and that proof of service is not necessary as to parties who appear, and in this latter respect is in line with the doctrine enunciated in *Abila* v. *Padilla*, 14 Cal. 103, where it was held that as to parties who appeared notice was waived.

Plaintiff, as before stated, admitted service of notice of the hearing more than ten days before such hearing, and is concluded thereby. The service upon the infant defendant was all that the statute requires, and was therefore sufficient. The fact that such service was made by Moore, the petitioner for letters under the will, did not invalidate it. "It is no objection that the service was made by an executor or legatee named in the will." (*Wetmore* v. *Parker*, 52 N. Y. 450.)

In that case it was held: 1. That there is no statute preventing such service by a party; 2. That the probate of the will by the surrogate is conclusive, unless reversed on appeal or revoked by himself. It cannot be attacked collaterally for such an irregularity.

The last proposition is probably based upon the theory that there is a distinction between cases where there is

a want of jurisdiction over the person, and that other class in which there is irregularity in obtaining such jurisdiction. (*Cardwell* v. *Sabichi*, 59 Cal. 490; *Drake* v. *Duvenick*, 45 Cal. 463.)

The notices required by the code having been given and served as therein provided for, the court acquired jurisdiction to hear and determine as to the probate of the will, and having admitted the same to probate, and no appeal having been taken from the order, its actions became final as to plaintiff. (Code Civ. Proc., secs. 1333, 1908; *State of California* v. *McGlynn*, 20 Cal. 234; 81 Am. Dec. 118.)

These views are conclusive of the case made by appellant. It may be said also in favor of the affirmance of the judgment of the court below, that the will having declared all the property of the testator to be his separate property; having bequeathed to plaintiff the sum of two thousand dollars, as well as an allowance pending the closing of the estate; the property having been distributed by a decree to which plaintiff was a party and she having received all the benefits provided in the will for her, is estopped from contesting its validity, but as the disposition of the case does not necessarily turn upon this question, it need not be dwelt upon.

The judgment and order appealed from should be affirmed.

Haynes, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

         Garoutte, J., Paterson, J., Harrison, J.