[No. 2491]

## IN THE MATTER OF THE ESTATE OF DENIS HEGARTY, DECEASED.

[199 Pac. 81]

1. WILLS—COURT WITHOUT JURISDICTION TO MAKE ORDER OF PROBATE UNLESS STATUTORY NOTICE GIVEN.

   Under Rev. Laws, 5866, 5871, unless notice of hearing for probate of a will was published for the ten days required, the court had no jurisdiction to make the order for probate.

2. TIME—NOTICE OF HEARING FOR PROBATE INSUFFICIENT TO GIVE JURISDICTION.

   In view of Rev. Laws, 5482, under section 5866, where the time of hearing on probate of a will was fixed in the notice for February 9, and the first publication of the notice was made January 31, and the last February 7, the required ten days' notice of hearing was not given, and the court had no jurisdiction to make order for probate.

3. TIME—STATUTE REQUIRING PUBLICATION ONCE A WEEK FOR NUMBER OF WEEKS COMPLIED WITH WHEN REQUIRED NUMBER OF PUBLICATIONS MADE.

   A statute requiring publication of notice once a week for a given number of weeks is complied with when the required number of publications has been made.

4. APPEAL AND ERROR—OBJECTIONS IN BRIEF NOT DISCUSSED BY COUNSEL DEEMED WAIVED.

   Objections incorporated in a brief but not discussed by counsel are deemed to have been waived.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Proceeding for probate of the will of Denis Hegarty, deceased, by Catherine Coleman, executrix and sole legatee, wherein James Hegarty and others petition for

revocation of order of probate. From an order revoking the order of probate, the executrix and proponent appeals. **Order affirmed.**

*Moore & McIntosh,* for Appellant:

The statute (Rev. Laws, 5866) was complied with. The purpose of the advertisement in a newspaper is merely to give notice. "The object of the publication, so far as it can be, is accomplished." State v. Yellow Jacket S. M. Co., 5 Nev. 415; Decker v. Myles, 4 Colo. 558; Stebbins v. Anthony, 5 Colo. 348; Sheldon v. Wright, 7 Barb. 39; Bachelor v. Bachelor, 1 Mass. 255; Pearson v. Bradley, 48 Ill. 250; Barrows v. National Rubber Co., 12 R. I. 173; Herrick v. Graves, 16 Wis. 157; Hollister v. Vanderlin, 30 Atl. 1002.

Custom and usage control in the interpretation and construction of the statute. Many wills have been admitted to probate on notices published either less than ten days prior to the date fixed for the hearing, or more than twenty days prior thereto. The courts will not disturb an interpretation or application of a statute or rule of court that has continued to be made in such manner that property rights have settled · and titles vested. Hollister v. Vanderlin, supra; Davis v. Huston, 16 N. W. 820; Turner v. McCrea, 1 Nott & M. 11.

*H. V. Morehouse,* and *A. A. Smith,* for Respondents:

The court had no jurisdiction to proceed, the notice not having been published for the statutory time. Rev. Laws, 5866; Estate of Charlebois, 12 Pac. 775. "Where jurisdiction depends upon the publication of notice, and the trial of the cause is proceeded with before such publication is complete, the court acts without jurisdiction and its orders are void." Carter v. Frahm, 141 N. W. 370; Beckett v. Selover, 7 Cal. 215. "The statute prescribing the notice must be strictly observed to give the court jurisdiction." Freeman on Judgments, sec. 611; Boswell v. Otis, 9 How. (U. S.) 336; Bunting's Estate,

84 Pac. 109; Windsor v. McVeigh, 93 U. S. 274; McDonald v. Catz, 31 Cal. 167; Whitwell v. Parbier, 7 Cal. 64.

The question of a want of jurisdiction can be raised at any time and in any manner. 12 Ency. Pl. & Pr. 190. Want of jurisdiction appearing, the court will, of its own motion, dismiss the proceeding, set aside the decree, and order re-probate of the will. Evans v. Christian, 4 Or. 375; Railroad v. Church, 2 Pac. 218; Sanford v. Edwards, 61 Am. St. Rep. 482.

By the Court, DUCKER, J.:

This is an appeal from an order of the district court vacating an order theretofore made by said court admitting a certain instrument in writing, purporting to be the last will and testament of Denis Hegarty, to probate, and appointing one Catherine Coleman, a sister of the deceased, and the sole devisee and legatee and executrix therein named, as the executrix of said purported last will and testament.

The order vacating the order of admission to probate was made upon petition of James Hegarty, Daniel Hegarty, Margaret Hegarty, Annie Hegarty, Ellen Hegarty, and Mary Hegarty, brothers and sisters of the deceased. It appears from the record that on the 28th day of January, 1920, said Catherine Coleman filed her petition for the probate of said instrument in writing as the last will and testament of the deceased, and for her appointment as executrix; that thereafter and on the same date the clerk of the court made and signed a notice as follows:

"Notice is hereby given that Catherine Coleman, having filed in the court a document purporting to be the last will and testament of Denis Hegarty, deceased, and a petition praying that the same be admitted to probate, the hearing thereof has been fixed by said court for Monday, the 9th day of February, 1920, at 1:30 o'clock p. m. of said day, at the courthouse, in the city of Reno, county of Washoe, and all persons interested in the said

estate, are notified then and there to appear and show cause, if any they have, why said will should not be admitted to probate and said petitioner appointed executrix thereof."

This notice was published in a weekly newspaper printed and published in the county where said court was held, the first publication being made on January 31, 1920, and the last publication on February 7, 1920, as shown by the affidavit of the principal clerk of said paper. Thereafter, on the 10th day of February, 1920, the court, having taken the proof, admitted said will to probate and appointed Catherine Coleman executrix thereof.

On the 10th day of July, 1920, James Hegarty, Daniel Hegarty, Margaret Hegarty, Annie Hegarty, Ellen Hegarty, and Mary Hegarty served and filed their petition for a revocation of the order made on the 10th day of February, 1920, admitting to probate the purported will of the deceased and appointing Catherine Coleman as executrix, alleging as grounds therefor that said Denis Hegarty was not of sound and disposing mind at the time he executed said purported last will and testament, and was unduly influenced by said Catherine Coleman to sign the same.

Catherine Coleman filed an answer to said petition for revocation. It appears from the written decision of the trial court, incorporated in the record, that the issue raised by the petition and answer came on for trial before a jury on the 3d day of December, 1920. Whereupon counsel for the contestants of the will made an oral motion that the order admitting the will to probate be vacated and set aside, and during the argument raised the question of the jurisdiction of the court in admitting the will to probate on the ground that, under the provisions of section 5866, ten days' notice had not been given. Thereafter, on the 20th day of December, 1920, the district court entered an order vacating the order admitting the will to probate. From this order said Catherine Coleman appeals to this court.

It appears from the written decision of the court that this order was made upon the ground that the court, in admitting the will to probate, was without jurisdiction, for the reason that only nine days' notice of the hearing of the petition for probate was given, whereas the statute requires not less than ten. The statute in relation to the notice of hearing of probate of wills provides as follows:

"All petitions for the probate of a will, and for the issuance of letters, shall be signed by the party petitioning, or the attorney for such petitioners, and filed with the clerk of the court who shall publish a notice in some newspaper, if there is one printed in the county, if not, then by posting such notice in three public places in the county stating in such notice the filing of such petition, the object, and designating a time for proving such will, which shall not be less than ten nor more than twenty days." Rev. Laws, 5866.

1. Counsel for appellant contends that the court erred in vacating the order. We are unable to agree with this contention. Unless notice for the probate of the will was published for the time required by the statute, the court had no jurisdiction to make the order. This conclusion is apparent from the several statutes pertaining to notice of the probate of wills, which with great particularity prescribe the method of giving notice to heirs and persons interested. It also appears from the provisions of the section immediately following, which reads:

"At the time appointed, or at any other time to which the hearing may be continued, upon proof being made by affidavit or otherwise, to the satisfaction of the court, that notice has been given as required by the preceding sections, the court shall proceed to hear the testimony in proof of the will. All witnesses who appear and are sworn shall testify orally." Rev. Laws, 5871.

This section plainly makes proof of notice an essential requisite to the authority of the court to hear testimony in proof of the will. Jurisdiction of the subject-matter

in the probate of wills is given by law to the district courts, and it is obvious that jurisdiction of the persons interested in such probate proceedings can be obtained only by a strict compliance with statutory methods. This construction is in accord with ample and well-reasoned authority. Relative to the notice required of the hearing of the probate of a will, a very eminent authority says:

"The conclusiveness of the decree, as before stated, depends upon whether proper jurisdiction to enter it has been obtained and proper notice given to all interested parties. The statutory requirements concerning notice must be strictly complied with, and defective notice cannot be cured nor rendered secure from collateral attack by a mere recital in the order that proper notice was given, though, if the record is silent upon the subject, due service will be presumed. But appearance voluntarily or upon defective service is a waiver of insufficient notice. Until, however, there has been proper notice given, and proof of such notice, the court is without jurisdiction to make any order whatever respecting the validity or invalidity of the will." 1 Abbott's Probate Law, p. 348.

Upon the same subject the court in In Re Charlebois, 6 Mont. 373, 12 Pac. 775, said:

"The court is authorized to hear the testimony in proof of the will after proof of notice of the hearing has been given. But there is no authority to hear the testimony before proof of notice. Notice, as provided by the law, gives jurisdiction. The probate court is of limited jurisdiction. It has its life and being in the statutes. It possesses such authority as is conferred. Jurisdiction comes to it by observing the law. The hearing for the admission of a will to probate is in the nature of an action, and the order thereon is in the nature of a judgment. The heirs at law have the right to be heard. They have the right to be present at the hearing; and if they are not notified thereof, and an order is made without giving them an opportunity to be heard, or to

contest the admission of the will to probate, they would stand in very much the same position as if a judgment had been rendered against them without bringing them into court, and giving them an opportunity to answer or defend. No lapse of time would validate such a judgment. It would be dead at its birth, and lapse of time could not bring it to life. It could be attacked anywhere or in any form of proceeding."

In this case the statute required notice of the hearing of a petition for the probate of a will to be published at least three times, upon three different days of publication when published in a weekly newspaper; and, notice of the hearing being published only twice in a weekly paper, the order of the court admitting a will to probate was declared void.

In Curtis v. Underwood, 101 Cal. 661, 36 Pac. 110, Heminway v. Reynolds, 98 Wis. 501, 74 N. W. 351, and Floto v. Floto, 213 Ill. 438, 72 N. E. 1092, the same rule is declared:

"Notice in such a case (application to probate a will) is commonly required by statute to confer jurisdiction upon the court." 40 Cyc. 1263.

See, also, Carter v. Frahm, 31 S. D. 379, 141 N. W. 370.

2. But it is insisted that the notice given by the clerk in this case was a sufficient compliance with the statute to clothe the court with jurisdiction to admit the will to probate. In this respect it is contended that in the absence of an express clause in section 5866, requiring that the clerk publish the notice for so many days, or so many weeks, or so many times during a definite period, one publication of the notice between the date which the notice bears and the date therein fixed for the hearing, would satisfy the requirements of the section. If this contention were admitted, then a publication on the day prior to the day designated for the hearing would be permissible and the manifest purpose of the statute, to require not less than ten days' notice of the hearing, utterly frustrated. We observe nothing uncertain in the section as to the character of

the notice required and the time for which it shall be given. It requires the clerk to publish a notice in some newspaper, if there be one printed in the county; if not, to post it in three public places in the county not less than ten days nor more than twenty days prior to the time designated in the notice for proving the will. True, the section does not provide in express terms that the publication or posting shall be prior to the time designated for the hearing, but such is the plain and reasonable intendment. Any other intention on the part of the legislature in this respect would amount to an absurdity, and the law does not countenance absurdities. The date of the notice or the number of publications is immaterial. As will be observed, the record discloses that the notice was not published ten days before the time designated in the notice for proving the will. The time of the hearing was fixed in the notice for Monday, the 9th day of February, 1920, at 1:30 p. m. and the first publication thereof was made on January 31, 1920, while the last was made on February 7, 1920. Section 5482 of the Revised Laws provides in part:

"The time in which any act is to be done, as provided in this act, shall be computed by excluding the first day, and including the last. *    *    * "

When the time is thus computed it is seen that the notice of the time for proving the will was published only nine days before the date designated. A notice published for a time less than is required by the statute is as fatal to the jurisdiction of the court as the failure to give any notice at all. In Re Charlebois, supra.

Counsel for appellant contend that, because two publications of the notice were made between its date and the date of the hearing, the case of the State of Nevada v. Yellow Jacket S. M. Co., 5 Nev. 415, is in point, and conclusive of their contention. In the Yellow Jacket case the statute construed required the notice to be published once a week for three weeks. It was held that it was not necessary to publish the notice for

twenty-one days before the election advertised, but that, as the notice was published once a week for three successive weeks, the statute was satisfied, although the notice was only advertised for seventeen days prior to the election. As the court said:

"The purpose of the advertisement is to give notice to the legal voters of the school district. When there have been three insertions of such notice upon three successive weeks the object of the publication, so far as it can be, is accomplished. The statute certainly requires but three publications of the notice; why then is not its full purpose accomplished upon the expiration of the third day of publication?"

It must be readily seen that the purpose of section 5866 in requiring publication for not less than ten days cannot be accomplished unless the requirement is complied with. As previously stated, the number of publications of the notice required by this section is immaterial; the time of the publication prior to the time designated in the notice for proving the will is the essential thing.

3. This court, in the Yellow Jacket case, adhered to the generally recognized rule that a statute requiring publication once a week for a given number of weeks is complied with when the required number of publications has been made. The statute there construed, and the one under consideration in the instant case, are so essentially different in their requirements concerning the publication of notice that the ruling in the former case is not at all in point. We conclude that the court was without jurisdiction to make the order admitting the will to probate, and that consequently the order was void.

4. A number of objections interposed in the court below pertaining to the authority of the court to vacate the order admitting the will to probate are incorporated in the brief filed by counsel for appellant; but, as counsel have not discussed these objections, we must deem them waived.

The order of the district court setting aside the

order admitting to probate the will of Denis Hegarty, deceased, and appointing Catherine Coleman executrix thereof, is affirmed.