JEANNE W. STREET, as Administratrix, *cum testamento annexo de bonis non,* v. FLORENCE D. CROSTHWAIT, *In Re* ESTATE OF CHARLES RUSSELL SWITZER, deceased.

183 So. 820.
Division B.
Opinion Filed October 5, 1938.
Rehearing Denied October 31, 1938.

*Pleus, Williams & Pleus* and *Eldridge Hart,* for Appellant;

*E. W. & R. C. Davis,* for Appellee.

CHAPMAN, J.—This cause is here on an appeal from the Circuit Court of Orange County, Florida. The appeal was taken from an order of the Circuit Court dated December 22, 1936, reversing an order dated May 9, 1936, entered by the Probate Court of Orange County, Florida, and remanding the cause to the Probate Court of said County for the purpose of taking testimony; likewise, from an order dated January 4, 1937, made and entered by the Circuit Court of Orange County, Florida, denying a petition for rehearing; also from an order dated January 21, 1937, entered by the Circuit Court of Orange County, Florida, denying an extraordinary petition for rehearing. Each of the orders, *supra,* are assigned as error in this Court.

The record here shows that Charles R. Switzer, of Winter Park, Florida, on April 30, 1926, made his last will and testament and the petitioner, Florence D. Grosthwait, was made a beneficiary therein. The testator died on June 27, 1928. On July 24, 1928, Florence D. Crosthwait filed or caused to be filed in the County Judge's Court of Orange County, Florida, a caveat, viz.:

"IN THE COUNTY JUDGE'S COURT OF
ORANGE COUNTY, FLORIDA.

"IN RE: ESTATE OF CHARLES RUSSELL
SWITZER, Deceased.                     CAVEAT.

"TO' THE HON. VICTOR HUTCHINS, COUNTY JUDGE OF ORANGE COUNTY, FLORIDA:

"Comes now Florence Darling Crosthwait and shows unto the Court that Charles Russell Switzer, late of County of Orange and State of Florida, departed this.life on June 27, 1928, at Winter Park, Florida, of which City and State he was a resident and citizen.

"That deceased was seized and possessed of an estate of inheritance consisting of real and personal property lo-

cated in Orange County, Florida, of great value; that he left surviving him as one of his heirs at law your petitioner whose resident is No. 4033 Ellie Ave., Chicago, Ill.

"And your petitioner further shows that the said Charles Russell Switzer left a last will and testament, the provisions of which your petitioner is without knowledge, but who prays that the said last will and testament be not admitted to probate until due and proper notice of the application for the probate of said will is given to W. B. Crawford, Esq., of Orlando, Florida, her attorney, as provided by statute.

"Florence Darling Crosthwait<br>
Petitioner

"W. B. Crawford
    "Attorney for Petitioner."

On September 25, 1928, the County Judge of Orange County, Florida, admitted to probate the aforesaid will without notice and with a total disregard of the caveat filed by Florence D. Crosthwait, and issued to Harry L. Street letters testamentary. An amended petition was filed in the County Judge's Court of Orange County, Florida, by agreement of counsel on November 18, 1935, and an order of the Court of the same date confirmed the stipulation of counsel about the filing of the amended petition and directed that the respondent be allowed 30 days thereafter in which to file an answer. The prayer of the amended petition sought an order vacating and setting aside of the order of the court dated September 25, 1928, admitting to probate the will of the late Charles R. Switzer, which was done without notice to Florence B. Crosthwait and in total disregard to the caveat previously filed and authorized by Section 5467 C. G. L. On December 7, 1931, Harry L. Street, the former Executor, died, and on the 17th day of

August, 1932, Jeanne W. Street, appellant here, was appointed to succeed the former executor. On March 25, 1932, W. B. Crawford, former attorney for caveator, died.

The amended petition *was amended* and authorized to be filed by the Probate Court of Orange County, Florida, under an order dated February 20, 1936. The amendment as made recited that Florence D. Crosthwait, during the month of September, 1928, as a creditor of the estate of Charles R. Switzer, deceased, received the sum of $500.00 from the said Harry L. Street, Executor, and that she gave him at said time a receipt therefor and that Harry L. Street, without her knowledge or consent, thereafter materially and fraudulently changed the said receipt so given by petitioner by adding thereto the words, "As per will April 30th, 1926," and that she had never approved or ratified the aforesaid change or alteration of the said receipt.

The respondent filed two pleas to the amended petition, viz.: (1) a plea of estoppel alleging that petitioner had received and accepted the sum of $500.00 from Harry L. Street, Executor, as payment of petitioner's legacy under the terms of the said will of Charles R. Switzer, deceased, and by the acceptance thereof was estopped as a matter of law in prosecuting and maintaining her said petition to vacate and set aside the order dated September 28, 1928, admitting to probate the said will of Charles R. Switzer; (2) a plea alleging that the petitioner had waited a period of five years before raising the question of notice and by such delay the petitioner was guilty of laches and thereby barred from maintaining the suit at bar. On April 3, 1936, respondent filed her motion to strike the amendment of ninth paragraph of amendment to amended petition and for a dismissal of the amended petition on grounds, viz.: (a) the allegations are legally insufficient to overcome the laches of petitioner as shown by the original and amended peti-

tion; (b) five years of delay by petitioner shows laches; (c) petitioner, as a matter of law, had notice of the probate of said will; (d) lack of diligence on part of petitioner. The motion contains some 18 grounds for dismissal and to strike, but other grounds are here unnecessary to recite.

On May 9, 1936, the County Judge's Court of Orange County, Florida, made and entered an order sustaining the motion to strike the amended ninth paragraph of Second Amended Petition, and in the same order dismissed the original petition and subsequent amendments thereto and terminated the cause with prejudice. On appeal from said order the same was by the Circuit Court in and for Orange County, Florida, reversed and remanded to the County Judge's court of Orange County, Florida, for the purpose of taking testimony and proof on the issues made by the pleadings and the order of reversal as made and entered by the Circuit Court on December 22, 1937, is assigned as error on appeal here. The parties hereto in this opinion will be referred to as petitioner and respondent, as they appeared in the County Judge's Court of Orange County, Florida.

It is contended by counsel for petitioner that the County Judge's Court of Orange County was without jurisdiction to take any steps or action in the cause after the filing of the caveat on July 24, 1928; that the steps or action so taken were void and of no legal effect and not binding on the respondent, because there had not been a substantial or sufficient compliance with Section 5467 C. G. L., and for said reason the pleas of laches and estoppel became immaterial. Counsel for respondent contend that the petitioner had full notice of the probation of the will as required by Section 5467 C. G. L., because she had appeared before the court: (a) as a witness; (b) as a contestant; (c) several attorneys had represented her on an attack on the will; (d) five years after probation established laches and estoppel;

(e.) that W. B. Crawford, now deceased, had not received notice of the admission of the will to probate. The material portion here of Section 5467 C. G. L., is:

"* * * If he be apprehensive that the will may be admitted to probate without his knowledge, he may file in the office of the county judge a caveat, and after the filing of the same the county judge shall not admit the will to probate until he shall have given at least ten days' notice to the caveator, or some other person to be named in the caveat, if such caveator or some other person be found in the county."

Where a court has jurisdiction of the subject matter and some of the parties, the adjudication may be binding on the parties over whom the court has jurisdiction by the proper service of process or by appearance and the same is not binding as to other persons over whom the court has not acquired jurisdiction. The probate of a will is in the nature of a proceeding in rem, the character of the notice required being prescribed by statute. If a will presented to the proper court for probate is not void or invalid on its face, it is a proper subject *in rem* for probate proceedings, and where the notice required by statute is duly given, the adjudication is not void. See Torrey v. Bruner, 60 Fla. 365, 53 So. 337.

In the case of Barry v. Walker, 103 Fla. 533, 137 So. 711, the issue was whether or not the document admitted to probate was the last will and testament of C. A. Meacham, or was it a forgery and not her genuine will. An examination of the case reveals that a caveat was never filed. This Court reversed the cause for further proceedings and in so doing, in part, said:

"In this case the petitioners who asked for the revocation of the probate had filed no *caveat* to prevent the pro-

bate of the alleged will in the first instance. This they might have done under the provisions of Section 5467 C. G. L., 3602 R. G. S., which provides that if any person interested desiring to contest any will offered for probate is apprehensive that the will may be admitted to probate without his knowledge, may file in the office of the County Judge a *caveat* which will have the effect of precluding the admission of the will to probate until after the County Judge shall have given at least ten days notice thereof to the caveator in order that he might try his contest before probate. * * *

"A majority of the Court are of the opinion that under the circumstances and facts of this particular case where the evidence on the point of forgery of the will was in sharp conflict and the testimony of the handwriting expert had been offered tending to sustain the charge that the signature appearing on the paper had been forged, and where it does not appear that any particular inconvenience would have been caused the court or any of the parties by re-opening the case, which was being held under advisement by the Judge, that the county Judge should have granted the application, which appears to have been seasonably made, and should have permitted the petitioner seeking a revocation of the probate of the will to offer the additional testimony referred to in his petition.

"A majority of the Court are further of the opinion that while matters of this kind are largely discretionary and appellate courts are reluctant to hold trial judges in error when they have passed upon an application of this kind adverse to the appellant, that under the circumstances of this particular case, as shown by the record, that the County Judge should have granted the petition to re-open the cause and should have received the additional testimony which the appellant in his petition offered to adduce and that the

denial of the County Judge of Appellant's petition under the circumstances was error for which the judgment should be reversed and the cause remanded, with directions to allow the petition and receive such further testimony as may be offered by the petitioner as indicated in his petition, and such testimony as may be offered by the respondents in rebuttal thereto, and for further proceedings according to law. Barber v. State, 5 Fla. 199."

In the case of Slocum v. Grandin, 38 N. J. Eq. 486, it was shown that a caveat was filed on January 25, 1884, against the admission to probate the will of John Grandin— the *caveat* was filed by his son, Daniel Grandin. On January 30, 1884, the will was propounded for probate. On February 18, 1884, a hearing was had, subject to the ascertainment of the residence of John Grandin Slocum, a grandson of the testator and due service of the citation was had upon him. On February 2, 1884, the caveator by an enforsement on the caveat, *withdrew it* and requested the will be probated, which was done. This ruling was by the Equity Court of the State of New Jersey held to be erroneous. The statute of New Jersey controlling the subject provided that the surrogates of the several counties of that State shall take depositions to wills, and admit the same to probate and grant letters testamentary thereon; but in case doubts arise on the face of the will, or a *caveat* is put in against proving a will, or a dispute arises respecting the existence of a will, the surrogate shall not act in the premises, but shall issue citations to all persons concerned, to appear in the orphans court of the same county, which the court shall hear and determine the matters in controversy. That Court in construing the above mentioned statute, reversed the case and in so doing, in part said: (Text pages 488-90.)

"* * * The question presented here is, whether, after he has been so deprived of jurisdiction by the filing of a *caveat* and proceedings have been begun in the orphans court in reference to a paper propounded for probate as such last will, the withdrawal of the *caveat* restores the jurisdiction of the surrogate and ousts the orphans court of its jurisdiction in the matter. The decision of the question does not depend on the question whether the caveator has full control over the *caveat* and may withdraw or subduct it at his pleasure; nor is it governed by the law as to the effect of such withdrawal or subduction in the absence of statutory provision on the subject, on the action of the tribunal in which it is filed or to which it is addressed, and whose action it is designed to restrain; but the decision depends on the construction of our statute above quoted.

"Dr. Ayliffe says, defining a *caveat,* that it is, in law, in the nature of an inhibition; that it is an intimation given to some ordinary or ecclesiastical judge, notifying him that he ought to beware how he acts in such or such an affair; and he adds that the *caveat* suspends the proceedings of such ordinary or ecclesiastical judge, until such time as the merits of the *caveat* are determined, or (at least) until it is subducted. *Ayl. Par.* 145. In Cockburn's practice, the effect of a *caveat* is said to be to stop probates, etc. from being granted without the knowledge of the party that enters it. *Cockb. Prac.* 26. It is argued in this case that the *caveat* is a personal matter, and that it is within the power of the caveator to withdraw it at any time before the controversy comes before the orphans court for determination, and that thereupon the surrogate resumes jurisdiction. But the statute declares that the surrogate, where a *caveat* has been put in against proving a will, shall not act, but shall issue citations to all persons concerned to appear in the orphans court, and that that court shall hear and determine the mat-

ters in controversy. I am not able to see how, under the statute, where a *caveat* has been filed and the subject of controversy has gone into the orphans court for determination, that court can be ousted of its jurisdiction over it, and the surrogate recover his by the mere fact of the withdrawal of the *caveat*. In the case at hand, when the orphans court made its order fixing the day for hearing, the matter was out of the jurisdiction of the surrogate, and whatever action was thereafter to be taken in the matter, whether upon the withdrawal of the *caveat* or otherwise, should have been taken in the orphans court and not before the surrogate. The orphans court, on the hearing on the appeal, in effect refsued to reverse the decree of the surrogate, expressly by its decision, leaving the question as to the legality of the surrogate's action in admitting the will to probate to the determination of this court on the hearing of this appeal. The refusal to reverse was erroneous. The surrogate, under the circumstances, had no jurisdiction to admit the will to probate, and his decree should have been reversed."

See *In re* Estate of Charlebois, 6 Mont. 373, 12 Pac. 775; *In re* Hegarty's Estate, 45 Nev. 145, 199 Pac. 81; *In re* Sullivan's Estate, 40 Wash. 202, 82 Pac. 297; 28 R. C. L. pages 392-3 par. 400.

The amended petition shows that petitioner, being apprehensive that the will might be filed for probate before she had a chance or an opportunity to protect her interest, as an heir at law of the testator, through counsel filed a *caveat supra,* in compliance with Section 5467 C. G. L., and that the will was admitted to probate without notice to petitioner. It is clear that the County Judge of Orange County failed to follow Section 5467, *supra.* The petitioner, under the will, is given One Thousand Dollars and ten shares of railway stock. If the will is set aside or

held invalid, the petitioner as an heir at law of Charles R. Switzer will be entitled to a larger sum of money than allowed under the terms of the will. The law directs when a *caveat* is filed, that the County Judge shall not admit the will to probate until he shall have given at least ten days' notice to the caveator (petitioner here or her attorney), which in the case at bar was not done. The order or decree appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, and BUFORD, J. J., concur.

BROWN, J., dissents.