JOSEPH P. CANFIELD AND ANOTHER *vs.* EDWIN WOOSTER,
EXECUTOR OF BETSEY CANFIELD.

Where A, an heir of C, knew of the existence and contents of an alleged will of
C prior to the probate of it, and gave the executor to understand that he con-
templated no opposition to the will, and advised him to prove and exe-
cute the will,—and if he had received legal notice to be present at the time
of the probate of the will, would not have attended to resist the probate,—
and immediately after the decree approving the will was passed, knew the
fact and might have appealed to the next term of the superior court,—and
afterwards presented a claim to the commissioners on the estate,—and first
conceived the intention of appealing from the probate of the will, on the dis-
allowance of a part of his claim by the commissioners,—but was not notified
to be present at the time of the probate of the will and was not in fact present,—
it was held, on an appeal taken by A within eighteen months after the pro-
bate of the will, but not to the next superior court thereafter, that nothing
equivalent either to legal notice to be present at the probate of the will or to a
waiver of notice, could be inferred, and that it was not necessary that his
appeal should have been taken to the next superior court, as in the case of
parties present or having legal notice to be present.

APPEAL from a decree of the court of probate for the dis-
trict of New Haven approving the will of Betsey Canfield.

The case was tried upon a plea in abatement. The facts
as found by the court are as follows.

Soon after the death of Betsey Canfield, and before the
probate of her alleged will, the appellants, Joseph P. Can-
field and Sheldon Canfield, who were heirs at law, were
apprised of the existence and provisions of the will, a meet-
ing of the heirs having been convened, and the will having
been procured and read by them. Joseph P. Canfield was
present at that meeting; Sheldon Canfield was not, but was
fully informed in relation to the will and its contents. There
was some dissatisfaction on the part of some of the heirs,
but neither of the appellants contemplated opposition to the
probate of the will. Joseph P. Canfield so expressed him-
self; and this fact came to the knowledge of the executor.
The executor thereupon called upon Sheldon Canfield and
stated that if there was to be difficulty he should hesitate
about accepting the trust. Sheldon replied that he thought

there would be none and advised him to go forward, prove the will and settle the estate. The executor thereupon, without any notice to the heirs at law, took the will to the court of probate, and the court, finding the will to have been duly proved before a magistrate, approved and accepted the same, and passed the decree now appealed from, without assigning a day for the hearing thereof or making any order of notice. No notice of the time when the will was to be or was approved was given to either of the appellants, nor was either of them present. Both of the appellants resided in Derby within the probate district of New Haven, where also the testatrix had resided at the time of her death. They had actual knowledge of the probate of the will immediately after it had been approved, and before the next succeeding term of the superior court for New Haven county.

The will was proved July 6th, 1854. Neither of the appellants would have attended before the court of probate to resist the probate of the will, if he had been personally notified. Appraisers were appointed on the day of the probate of the will. Notice in relation to the appointment of commissioners was ordered July 13th, 1854, and they were appointed July 24th, 1854. Both of the appellants had legal and actual notice of the time fixed for the appointment of commissioners and of their appointment. Both of them presented claims to the commissioners for allowance. The commissioners allowed a small portion of their claims only, and they were dissatisfied; and then for the first time, conceived the intention of taking this appeal. The report of the commissioners was made on the 16th day of May, 1855; and this appeal was taken on the 28th day of the same month.

The appellee claimed that the appeal ought to abate and be dismissed because not taken to the term of the superior court holden next after the passage of the decree.

Upon the hearing on the plea in abatement the court made a special finding of the facts, and the questions of law arising thereon were reserved for the advice of this court.

*Wooster* and *Downs*, for the appellee.

1. The right of appeal is conferred wholly by statute. As no specific form of notice or mode of service has been prescribed, as to persons not present, a substantial compliance with the statute is all that the legislature contemplated. Whatever the form of notice or mode of service prescribed, the executor has substantially complied with the requirements of the statute so far as the parties to this appeal are concerned, by pursuing the advice and acting in accordance with the suggestions of the appellants in obtaining the decree.

2. Rights conferred by statutes which enjoin the performance of particular acts for the sole purpose of apprizing parties of such rights, may be waived by the party entitled thereto ; and *a fortiori* the performance of the acts having for their objects such a purpose. *Windham Cotton Mfg. Co.* v. *H. P. & F. R. R. Co.*, 23 Conn., 373. The right claimed here, and the acts necessary to secure that right, fall under the last proposition, and may therefore be waived.

3. The appellants have waived this right. This appears : 1st. From their substantial declarations to that effect. 2nd. From their advice to the executor to proceed with the execution of the will. 3d. From their knowledge of the contents of the will and the approval of the same by the court of probate. 4th. From the finding of the superior court that they would not have attended before the court of probate to resist the probate of the will if they had been personally notified.

4. Actual knowledge of the time of the probate of the will, or the knowledge of such facts as would put reasonable persons on inquiry as to the time, is legal notice. *Booth* v. *Barnum*, 9 Conn., 286. *Merriam* v. *Langdon*, 10 id., 460.

5. The appellants are estopped from the right to appeal by their conduct, and particularly by their submission of their claims to the adjudication of the commissioners.

*Blackman*, for the appellants.

1. The appellants not having been present, and not having had notice to be present, at the probate of the will, claim, by virtue of the terms of the statute, the

right of appealing within eighteen months after the order of the court of probate approving the will. The statute says "all persons who are of full age and present, or who have legal notice to be present, shall appeal to the next court and not afterwards; and if they have no notice to be present and are not present, then they shall appeal within eighteen months." Rev. Stat., tit. 4, sec. 65. The case finds expressly "that no notice of the time when the will was to be, or was approved, was given to either of the appellants, nor was either of them present." All our statutes relating to civil actions, which prescribe certain periods of time within which to bring a party legally before the court, are material requirements, and must be complied with to conclude a party whose rights are invólved in the matter adjudicated. As the appellants were not present at the probate of the will, a "legal notice" to them to be present was necessary to conclude them as to the limitation of their right to appeal.

2. The appellants are not precluded from appealing,—1st, by their knowledge of the fact that a pretended will existed, such knowledge generally existing in all contested cases; nor, 2nd, by hearing it read before probate, which is a common practice and will not dispense with the positive requirements of a statute; nor 3rd, by not dissenting to its provisions, which would have been useless; nor 4th, by not requesting notice to be present at its probate, the statute requiring the executor to give them this notice if he would limit them to an appeal to the next superior court; nor 5th, by presenting their claims to the commissioners, which they were obliged to do, so long as the will remained approbated, unless they would run the risk of losing their claims. Their right to appeal was a paramount right, expressly reserved by the terms of the statute, and which they could exercise at any time within the eighteen months at their own discretion.

HINMAN, J. The appellees plead in abatement that the appellants before, and at the time when the order appealed from was passed, had notice to appear and object thereto, but that they consented to the order, and a term of the

superior court having intervened between the passing of the order and the taking out of the appeal, that they ought to have appealed to that term if they were aggrieved by the order. The court however finds that the appellants had no notice of the time when the order was to be passed, and were not present at its passage, but that they had knowledge of the contents of the will, and that one of them informed the executor that he did not contemplate any opposition to its probate, and the other that he thought there would be no difficulty, and advised the executor to go forward and prove the will, and settle the estate. In the progress of the settlement of the estate the appellants presented claims against it to the commissioners, which were disallowed in part, and then for the first time, they conceived the intention of taking this appeal. And the question is, whether these facts are tantamount to notice, or a waiver of it, or are sufficient to estop the appellants from taking the appeal at the time they did take it. We think they are not. The statute on this subject is very explicit. It provides that all persons aggrieved by a decree of a court of probate, who are of full age and present, or who have legal notice to be present, shall appeal to the next superior court, and not afterwards; and if they have no notice to be present, and are not present, then they shall appeal within eighteen months. Rev. Stat., tit. 4, § 65.

It is not necessary in this case to decide what would amount to a waiver of notice, so as to preclude the right of appeal after a term of the superior court had intervened; but it appears to us quite obvious that none of the facts found by the superior court are sufficient for the purpose; and equally obvious that, taken collectively, nothing is added to their effect. There was no express waiver of notice. One of the appellants thought that there would be no difficulty, and the other did not at first contemplate any opposition to the will. Probably neither of them at that time contemplated opposition; but that is no sufficient reason why they should not have notice. Suppose they had been present when the will was approved, and had both said that they did not contemplate any opposition to it, would it be claimed that this

would prevent their appealing to the next superior court? But if it would not, neither can it dispense with notice so as prevent their appealing within the time prescribed for parties who have no notice and are not present. Of a similar character is the fact that they presented claims against the estate to the commissioners. They then knew that the will had been approved, but this does not at all go to show that they had notice to be present and show cause, if any they had, why it should not be proved and approved. Indeed the finding is express that they had no such notice. It is true in this case that the appellants first conceived the intention of taking this appeal when their claims had been acted upon by the commissioners. But whatever influence this fact ought to have, as a mere matter of fact, in the nature of an admission that they had no ground for taking an appeal, surely it can operate no further than as such an admission. It was very easy for the executor to provide against appeals at a late day, by giving notice to the parties in interest of the time when he proposed to offer the will for probate, and we feel no inclination to give a strained construction to such a statute in order to help him out of a difficulty which he could so easily have guarded against. We advise judgment in favor of the appellants on the plea in abatement.

In this opinion the other judges concurred.

Judgment for appellants advised.