Boyles v. Boyles.

4. PRACTICE.

---

## BOYLES v. BOYLES *et al.*

**Administrator**: SALES OF REAL ESTATE: STATUTE OF LIMITATION. Section 1356, Code of 1851 (Rev. of 1860, § 2388) providing that "No action for the recovery of real estate sold by an executor can be sustained by any person claiming under the deceased unless brought within five years next after the sale," does not apply to cases where the sale was void for want of jurisdiction in the court ordering it; as, for want of notice to the heir. The opinions of BECK, J., and COLE, J., in *Good* v. *Norley*, 28 Iowa, 188, in which the court were equally divided, adhered to in the present case.

*Appeal from Black Hawk District Court.*

THURSDAY, DECEMBER 11.

ACTION in chancery. The petition, among other matters, alleges that plaintiff's father, Daniel O. Boyles, in Decem-

ber, 1834, died intestate in Black Hawk county, seized of certain real estate which is properly described ; that he left no widow, and that plaintiff, then a minor, was his only heir, and the defendant, John E. Boyles, was appointed administrator of his estate. The petition proceeds to state that there was personal property belonging to the estate that was sold by the administrator for a sum greater than the amount of the debts and funeral expenses ; that the administrator, without making any statement of the claims against the estate, or of the disposition of the personal property, made application for the sale of the real estate for the payment of debts and for the maintenance of the minor child of decedent. Upon the filing of the written application for the sale of the lands the probate court entered an order appointing appraisers and requiring an additional bond to be given by the administrator. The petition alleges that no order for the sale of the real estate was ever made by the court, and " that no order prescribing the notice to be given to the parties interested in the real estate was ever made, and no notice of the application for such order of sale was ever served on plaintiff, or on her guardian, or on any person having her in custody," and the orders made by the court were without any appearance by her in the court and without her knowledge and consent. The application for the sale of the real estate is claimed to be insufficient, and other irregularities are alleged to have occurred in the proceedings, but as they are not considered in the opinion it is not necessary to state them here. It is shown that plaintiff attained the age of eighteen on the 28th day of September, 1870, and that this action was commenced on the 20th day of March, 1871. It is alleged that the defendants hold possession and claim title or some interest under a sale of the lands had upon the proceedings in the probate court, September 14th, 1855, as set out in the petition.

The relief asked is that the administrator's sale and deed be set aside and canceled and declared void, and the real estate be adjudged to belong to plaintiff, and that she recover the same with rents and profits, etc.

A demurrer to the petition was sustained on the grounds that it shows the proceedings were had in a court having jurisdiction of the subject before it, that more than five years have elapsed since the sale and deed in question, which is shown by the petition, and plaintiff's action is therefore barred by the statute of limitations, and that no fraud is charged and defendants are shown to be *bona fide* purchasers.

The plaintiff, standing upon her petition, judgment was rendered for defendants. Plaintiff appeals.

*Boies, Allen & Couch* for the appellant.

*W. H. McClure* for the appellee.

BECK, Ch. J. — The questions raised by the demurrer, which was sustained by the district court, are these : 1. Did the court, in the absence of the notice to the plaintiff, required by the statute, acquire jurisdiction in the case. 2. Is the action barred under section 1356 of the Code of 1851 (Rev., § 2388), which provides that " No action for the recovery of any real estate sold by an executor can be sustained by any person claiming under the deceased, unless brought within five years next after the sale."

The facts of the case are identical with those in *Good* v. *Norly*, 28 Iowa, 188, the administrator's sale in both cases having been made without the notice required by law, and the statutes applicable to each are the same. The very questions both as to the jurisdiction of the court and the validity of the sale, and deed made in pursuance of the proceedings in the probate court, as well as to the limitation of the action under the section above quoted, were before this court in that case. They were thoroughly considered and fully discussed, and the court was equally divided upon them. Mr. Justice COLE concurred with me in holding that the notice required by the statute is necessary to confer jurisdiction, and without it the sale and deed are void, and that the limitation provided for by the statute (§ 1356 of the Code of 1851), which is continued by the Revision, *does not apply* to cases where there was *no valid*

sale, for want of jurisdiction in the court ordering it. The other justices that at the time occupied seats upon the bench, held differently upon the last question and were of the opinion that the limitation provided by the statute applied to cases like this. I am unable to add any thing to what I said in my opinion in that case. A re-examination of the questions has not changed my views, nor have I obtained any new light on the subject. Mr. Justice Cole adheres to the same views, and the other justices now sitting with us concur in them. The doctrines of the opinion announced by me in *Good* v. *Norley* must therefore be considered as the law of this case. It is quite unnecessary to repeat them or the arguments upon which they are supported.

The demurrer to the petition was erroneously sustained by the district court. The petition shows that the probate court had no jurisdiction on account of want of notice ; the sale and deed were therefore void. The limitation provided in the section of the Code of 1851 above quoted, does not bar plaintiff's action. Neither is she barred by the general statute, for the action was commenced within one year after she attained her majority. Rev., § 2747. The judgment of the district court is reversed and the cause remanded for proper proceedings not inconsistent with this opinion.

Reversed.