[No. 4,211.]

IN THE MATTER OF THE ESTATE OF MARY COBB, DECEASED.

PROBATE OF WILL.—The Probate Court cannot hear the petition for the probate of a will without proof of service of notice upon the heirs, as required by the Code of Civil Procedure.

OBJECTIONS TO PROBATE OF A WILL.—If an instrument is offered for probate as a will, which is testamentary in its character, questions concerning

the construction to be placed upon it cannot be raised for the purpose of preventing it from being admitted to probate. Such questions cannot be considered until after it is probated.

APPEAL from the Probate Court, County of Santa Clara.

Mary Cobb, on the 16th day of June, 1873, made her will, in which she stated that she was living separate and apart from her husband, Samuel Cobb, and that she had, as her separate property, $3,500. The will then proceeded as follows:

"I desire and direct that out of my said estate that all of my just debts, including funeral expenses, to be fully paid and discharged.

"From the residue of my estate, after the payment of my debts, I hereby make and direct my executors hereinafter named, to pay the following bequests, viz:

"Five hundred dollars gold coin to the Santa Clara College, in said Santa Clara County, to be used by the President of said College in defraying the expenses of Wm. Henry Cobb, the son of my husband by a former marriage, provided the said Henry is educated at said College. If the said Wm. Henry does not consent, or is hindered from attending said College, then I bequeath the five hundred dollars to the President of said College, to be used by him at his discretion in the cause of education at said College.

"I give and bequeath five hundred dollars to the Pastor of St. Joseph's Parish (Catholic), to be by him expended in having masses said for the repose of my soul after my death, at the Catholic Church in said Parish.

"I give and bequeath the sum of five hundred dollars to the Catholic Church of St. Joseph's Parish in San José, California, to be by the Pastor of said Church expended for the benefit of said Church.

"I give and bequeath one thousand dollars to the St. Mary's Hospital of San Francisco, Cal., to be used and expended in the interest of said Hospital.

"I give and bequeath five hundred dollars to the Roman Catholic Orphan Asylum of San Francisco, California.

"I give and bequeath the balance of my estate to St.

Statement of Facts.

Ignatius' College of San Francisco, to be expended under the direction of the President of said College, in the cause of education at said College.

"Should there not remain of my estate after my death sufficient to pay the foregoing bequests, then I direct that the said bequests be paid *pro rata*, excepting the five hundred dollars bequest made to St. Joseph's Church for the repose of my soul, which bequest I direct to be paid in full.

"I hereby nominate and appoint Edward McLaughlin and Charles E. White, the executors of this, my last will and testament, and direct that they may discharge the trust without giving bonds to any court or tribunal for the faithful performance of their duty, and I direct that said executors conjointly, or either of them, acting separately, may fully discharge and perform the execution of this trust, and that for its faithful performance they and each of them shall be held responsible only to the tribunal of their consciences.                                    "MARY COBB.

"June 16th, 1873."

"The above written instrument was subscribed by the said Mary Cobb, testatrix therein, in our presence, and acknowledged by her to each of us, and she at the same time published and declared the same so subscribed to be her last will and testament; and we, at the testatrix's request, and in her presence, and in the presence of each other, have signed our names as witnesses hereto.

                                    "THOS. BODLEY,
"SAN JOSE.                           "CHAS. F. WILCOX."

"I desire to cancel, annul and make void that provision of the foregoing will which provides for the payment to the Santa Clara College of the sum of five hundred dollars for the defraying the expenses of Wm. H. Cobb at said Santa Clara College, and I hereby devise and bequeath the five hundred dollars intended for that purpose, to the Roman Catholic Infant Asylum of San Francisco.

                                    "MARY COBB.
"July the —, 1873."

"The above codicil to the foregoing will was subscribed

by the said Mary Cobb, testatrix therein, in our presence, and acknowledged by her to each of us; and she at the same time published and declared the same so subscribed to be her last will and testament; and we, at the testatrix's request, and in her presence, and in the presence of each other, have signed our names as witnesses thereto.

"MICHAEL MADDEN,

"MRS. KATE PURCEL."

The testator died in August, 1873. The executors petitioned to have the will admitted to probate. The usual order was made for notice to be given of the time and place of hearing. The petition set forth that the deceased had brothers, a sister, and mother living, two of whom resided out of this State. The surviving husband filed objections to probating the will, which were as follows:

"Samuel Cobb, the husband of said deceased, comes now and files these his grounds of objection to the probate of the instrument filed in this Court, and of which probate is asked, as the last will and testament of Mary Cobb, deceased.

"1st. He objects to the probate of said instrument as a will on the ground that said instrument is not a will or testament. That there is no person or corporation named therein as legatees competent to take.

"2d. That no testamentary disposition is therein made of any property or estate, and the same cannot, therefore, be admitted to probate as a will.

"3. The said deceased was not competent to make a will at the time of the alleged execution of said instrument.

"4th. The said Mary Cobb, at the date of the alleged execution, was not of sound and disposing mind.

"5th. Said Mary Cobb, at the time of the execution of said instrument, was acting under duress, menace, and undue influence, and signed the same under such undue influence, duress, and menace.

"Dated October 20, 1873."

The petitioners demurred to the first and second grounds of objection, and the Probate Court sustained the demurrer.

Issues of fact were settled and tried on the other objections, and they were decided in favor of the petitioners. The only proof of service of notice of the time and place of hearing the application for probating the will was the certificate of the Clerk that he had posted notices in three of the most public places in the county of Santa Clara. The Court admitted the will to probate; and, in the order admitting it to probate, recited, "and it appearing to the Court on due proof made that notice of the hearing of said application was duly given according to the statute in such cases made and provided." Samuel Cobb, the contestant, appealed.

*Houghton & Reynolds,* for the Appellant.

The document presented for probate is not a will entitled to probate.

1. It does not express the will of the testator as to the disposition of any property. (Civil Code, sec. 1275; Bouvier's Law Dic., title Will, sub. 7.)

2. A last will and testament is the disposition of one's property, to take effect after death. (1 Redfield on Wills, sec. 2; Jacob's Law Dic., title Will; Bouvier's Law Dic., title Will.)

3. The appointment of executors is an incident to and not an expression of the will of the testator. It is the naming of persons to execute the will.

The language of this instrument is: "I hereby nominate and appoint Edward McLaughlin and Charles E. White the executors of this my last will and testament." But there being no will, there is none to execute. (Bouvier's Law Dic., title Executor.)

The Court, therefore, erred in sustaining the demurrer to objections of appellant.

*Spencer & Rankin,* for the Respondent.

The document presented for probate is "The legal declaration of Mrs. Cobb's (the testatrix) intentions of what she wills to be performed after her death." (Bac. Abr. Wills; and Bouv. Dic., Wills.)

Appellant assumes, without evidence, that all the legatees

named in the will are incapable of taking; but if that be so, it is a question that cannot arise in an application to prove the instrument. All that the Court has to inquire into in this proceeding is as to the testamentary character of the instrument itself. (Jarman on Wills, 25.)

But if inoperative for any other purpose "it operates as an appointment of an executor who distributes the property as under an intestacy." (Id. 25.)

By the Court, WALLACE, C. J.:

1. The Court proceeded to hear the petition for the probate of the will, without proof of service of notice upon the heirs of the testatrix, in accordance with the requirements of section 1306 of the Code of Civil Procedure—several of the heirs not appearing to the proceeding. This was error.

2. The instrument offered being evidently of a testamentary character, upon application to admit it to probate, the inquiry is only as to the mental condition of the testatrix; whether she was acting under duress, menace, fraud, or undue influence; whether the will was duly executed, and the like. The other questions attempted to be raised by the objections filed in the case concern the construction to be placed upon the will, and cannot be considered until it shall have been admitted to probate.

Order reversed and cause remanded for further proceedings. Remittitur forthwith.

Mr. Justice CROCKETT did not express an opinion.