CHARLES FLOTO

*v.*

MARGARET FLOTO, EXrx.

*Opinion filed December 22, 1904—Rehearing denied Feb. 8, 1905.*

1. JUDGMENTS AND DECREES—*when a judgment probating will is without jurisdiction.* A judgment of the county court probating a will is without jurisdiction as to known heirs whose whereabouts were known but who were not named as heirs in the petition to probate the will nor given notice of the petition under the statute.

2. SAME—*when petition to set aside probate of will is not barred.* A petition to set aside the probate of a will upon the ground that petitioners were known heirs who were not given notice of the probate proceedings although their whereabouts were known, is not barred by the fact that they had knowledge that the probate court was acting without jurisdiction, nor by the fact that the estate has been settled.

APPEAL from the Circuit Court of Ogle county; the Hon. O. E. HEARD, Judge, presiding.

JOSEPH SEARS, and FRANCIS BACON, for appellant.

J. C. SEYSTER, J. H. STEARNS, and O. R. ZIPF, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

Ernest Floto died April 17, 1900, leaving an estate worth about $20,000, consisting of realty and personalty. He had no children or descendants of children, but left his widow and certain collateral kindred as his heirs-at-law. In May of that year Margaret Floto, his widow, filed a petition to probate an alleged last will and testament of the deceased. In this petition the appellee named as heirs-at-law and next of kin of her husband only herself and Lewis Floto, a brother of the deceased, suggesting in her petition that there might

be other heirs-at-law in Germany but that their identity or their whereabouts was unknown. Upon this petition, and with notice to herself and the brother and publication of notice to the unknown heirs, the will was probated and the estate administered upon.

Appellant lived in Griswold, Iowa, and had some years previously been a resident of Forreston, where the decedent had resided for many years. On the 24th day of July, 1903, the appellant filed in the county court of Ogle county, where the will was probated, his petition to set aside the probate of the will, alleging that he was the son of a deceased brother of the decedent, Ernest Floto; that the widow, Margaret Floto, at the time she filed the petition for the probate of the will, knew that appellant was a nephew and heir-at-law of said Ernest Floto, and that she knowingly and designedly left his name out of said petition in order that he might not know of the proposed probate of the will. He further alleges that Lewis Floto, Fred Floto and Mary Mueller were all residents of Ogle county at the time of filing said petition and were nephews and niece and heirs-at-law of the decedent, and that their names were not mentioned in said petition, and that they had no notice of the filing of said petition or the probate of said will; that said Margaret Floto well knew all the said persons named were heirs-at-law of her said deceased husband and knowingly and designedly left their names from the petition. He further represents, upon his knowledge, information and belief, that the alleged will was not the true last will and testament of said Ernest Floto, and that if he had had notice of its presentation for probate he could have successfully defended against the probate thereof; that said will was admitted to probate about the first of June, 1900, without contest, and that appellant did not learn of the fact of such probate of said will or the death of said Ernest Floto until some time in the latter part of May, 1903, and until such time as it was too late to take an appeal from the order admitting the same to probate. He

further says that the widow, Margaret Floto, was the only devisee or legatee mentioned in said alleged will.

Margaret Floto filed an answer to this petition, admitting that in her petition for the probate of said will she only mentioned the parties as alleged in the petition of appellant and that only those parties were notified. She denies that appellant is a nephew and heir-at-law of her deceased husband, and also denies that the other persons mentioned in appellant's petition were heirs-at-law of her said husband, and denies that they did not have notice; denies that she knew of the whereabouts of appellant, and avers that the said will was the true last will and testament of the decedent, and avers that appellant had notice or knowledge of the probate of said will.

The will was admitted to probate on the 14th of June, 1900. No executor was named in the will, and the widow, Margaret Floto, was appointed administratrix with the will annexed, and administered and settled the estate before the filing of this petition. The cause was heard in the county court and the prayer of the petition was denied. The cause was appealed to the circuit court, and upon the hearing in that court it was again denied, and this appeal is prosecuted.

The evidence discloses that Ernest Floto, the decedent, was born in Germany in 1820, and that he had two brothers, —Charles, sometimes called Carl, and Lewis,—all of whom came to this country, Carl and Ernest coming about the same time and settling in Ogle county more than fifty years ago. Carl married first and Ernest lived with him part of the time. Carl died about thirty-seven years ago, leaving four boys and a girl, the boys being named, respectively, Charles, Fred, William and Lewis, and the daughter was named Mary and has intermarried with one Fred Mueller. The widow and children of Charles, except appellant, continued to live in Ogle county from the time of his death to the present time. About fifteen years ago appellant went to Iowa and has ever since made that his home. The time of the marriage

of Ernest to appellee is not shown, but she states that she came to Forreston to reside in 1891. Appellant's mother and his brothers and sister lived in that vicinity from that time to the death of Ernest. Appellee knew the widow of Charles, whose name was Christina, and knew other members of the family, and that they claimed to be the children of Charles, the brother of Ernest. The evidence shows that shortly before the will was probated, during the month of May, 1900, appellee went to the home of Fred Floto, one of the nephews, and asked for a list of the heirs of her deceased husband, and that Fred there gave her a·list of the heirs, with their places of residence. The evidence also shows that in the matter of probating the will appellee had an attorney, and that on the 28th of April, 1900, this attorney wrote Fred Mueller, the husband of Mary, stating that it was proposed to probate a will purporting to be the will of Ernest, and that it was necessary that the names of the heirs be known so that they could be stated in the petition. In response to this letter Fred Mueller and Fred Floto went to the office of appellee's attorney prior to the time the will was probated, but possibly after the petition was filed, and gave to him a list of the children of Charles Floto and heirs of Ernest Floto. The evidence also discloses that when appellee went to settle the estate she filed a petition, in which she stated that Lewis Floto, of Dixon, who was the brother, Fred Floto, of Forreston, the nephew, Lewis Floto, of Mt. Morris, Illinois, and Charles Floto, appellant, whose address she put as Canby, Minnesota, and Mary Mueller, were heirs-at-law of Ernest Floto.

We have examined the evidence carefully, and from it there cannot remain the slightest doubt but that petitioner and his brothers and sister were nephews and niece and heirs-at-law of Ernest Floto. Nor is there any doubt but that appellee knew and understood such to be the fact, and that she was advised of their whereabouts and of their kinship prior to filing the petition. The appellee denies that she

went to Fred Floto's to get the information, or did get the information, in regard to the heirs. That she did do so is established by three witnesses, the testimony of all of whom seems fair and is only contradicted by hers, and her credibility was directly attacked and put in such question that it can be given little weight.

We do not regard the fact of knowledge and notice on the part of appellee as controlling in this matter, although we do find that she had both, and if it required fraud on the part of appellee to authorize the setting aside of this probate we would not hesitate to find it established by the evidence in this case. We think, however, the court did not have jurisdiction to probate the will. Here were heirs that were known and could not be placed in the designation of unknown heirs. Their whereabouts was known. They were entitled by the statute to have notice of this probate. They did not have it and the court did not have jurisdiction to enter probate without it. This question has been so thoroughly discussed and settled and placed upon the ground of want of jurisdiction in the case of *Wright* v. *Simpson,* 200 Ill. 56, it does not seem necessary to extend the discussion of it. Courts of other States have taken the same view. *Estate of Charlebois,* 6 Mont. 373; *In re Lyon's Will,* 26 N. Y. Supp. 469; *Sowell* v. *Sowell's Admr.* 40 Ala. 243; *In re Bartel's Estate,* Myr. Pro. 130; *In re Cobb's Estate,* 49 Cal. 599; *In re Odell's Estate,* 23 N. Y. Supp. 144; *In re Lawrence's Will,* 7 N. J. Eq. 215; *Ray* v. *Segrist,* 19 Ala. 810; *Boyles* v. *Boyles,* 37 Iowa, 592; *Gregg* v. *Myatt,* 78 id. 703.

It is said that some of these heirs had notice that the will was going to be probated, by their conversations with the attorney and with appellee, and that the record shows that appellant had notice of the death of Ernest within a short time after the probate of the will and before the settlement of the estate, and that therefore they cannot insist upon the want of jurisdiction of the court. Such is not the law. Where a court acts without jurisdiction, knowledge of par-

ties interested that it is so going to act or has so acted can not confer jurisdiction upon it. (*Canfield* v. *Wooster,* 26 Conn. 384; *Gray* v. *Gray,* 60 N. H. 28.) Nor does the fact that appellee has settled the estate furnish a bar to this proceeding. *In re Odell's Estate, supra.*

The judgments of the circuit court and the county court of Ogle county are reversed and the cause is remanded to the county court of Ogle county, with directions to grant the prayer of the petition to set aside the order probating the will and all subsequent orders that can affect the rights of appellant, when such proceeding may be had in reference to the probate, upon due notice, as the law requires.

*Reversed and remanded.*