## LAURA HAVERIN
### *vs.*
## WILLIAM L. WELCH, EXECUTOR
(Estate of James G. Lacy)

Superior Court        Hartford County        File No. 63569

MEMORANDUM FILED DECEMBER 3, 1940.

*Ufa E. Guthrie,* of Hartford, for the Plaintiff.

*William M. Harney,* of Hartford, specially for the De-fendant.

QUINLAN, J. A plea in abatement was interposed to the appeal from probate in this matter, based on the language of section 1306e of the 1939 Supplement to the General Statutes, which is as follows: "All appeals by persons who are minors at the time of making the order, denial or decree appealed from and for whom no guardians or guardians ad litem shall have been appointed shall be taken within twelve months after

they shall arrive at full age, and all appeals by persons.... not inhabitants of this state who were not present at such time and did not have legal notice to be present, shall be taken within twelve months thereafter; and any executor, administrator or trustee of an estate may cause written notice of any order, denial or decree of the court of probate concerning such estate to be given to any person of full age, or to the guardian or guardian ad litem of any minor, who may be aggrieved thereby in which case such person or guardian may appeal only within one month after the receipt of such notice by him...."

All of the facts are conceded. The defendant claims that a notice of the doings on the will sent through the probate court, which was received, fulfills the requirement of notice by an executor, administrator or trustee under the terms of the statute. The plaintiff says that the terms of the statute are explicit and no such notice was ever sent. As a matter of fact no notice was sent by the executor or caused to be sent by him unless the notice from the probate court can be considered such a notice.

I have read with care and interest the case of *Canfield vs. Wooster,* 26 Conn. 384. I also have in mind that pleas in abatement are not favored. But in the case just cited no notice of any kind was given to the appellants.

Here, as soon as it became a matter of knowledge that this plaintiff might have an interest, the assistant clerk of the probate court sent an attested copy of the decree admitting the will to probate, a plain copy of said will and a certified copy of the order finding that this plaintiff among others had not received actual notice.

The notice having been sent, there appears no reason why the act could not be adopted by the executor as his act and this he has elected to do. No right of appeal was denied. It was simply cut down in matter of time.

This notice contained a *footnote* which reads as follows: "Note—The foregoing notice is sent to you because you are supposed to be interested in the matter referred to and will be bound by the adjudication of the Court in relation thereto. If you wish further information about the matter, or desire to make any objection, you should appear at the time set for hearing, *otherwise it will not be* necessary *for you to appear."*

The plaintiff urges that she was misled by this notice. But the issue here is upon a question of fact. There is no evidence before me that the plaintiff (appellant) was in fact misled, and I do not consider that the footnote to the notice sent was of itself misleading, but rather put the plaintiff on notice.

The plea in abatement is sustained and judgment may enter for the defendant.