GEORGE A. HATCH *v.* CONNECTICUT BANK AND TRUST COMPANY ET AL., EXECUTORS (ESTATE OF GRACE E. BLISS), ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 148542

Memorandum filed December 6, 1966

*Schatz & Schatz,* of Hartford, for the plaintiff.

*Hoppin, Carey & Powell,* of Hartford, for the defendant executors.

*Howard, Kohn, Sprague & FitzGerald,* of Hartford, for defendant P. Corbin Kohn.

TEDESCO, J. The defendant executors filed a plea in abatement to an appeal from the Hartford Probate Court.

Grace E. Bliss died testate, leaving an estate estimated at approximately $7,000,000. On March 1, 1966, the Hartford Probate Court ordered a notice of a hearing on the application for admission of the decedent's will to be sent to all persons known to be interested, by publication and by mailing, including a mailing to "P. Corbin Kohn," attorney for possible first cousins and first cousins once removed. See General Statutes § 45-167. The hearing was set for March 17, 1966. The notice was published in "The Hartford Times," a newspaper having a circulation in the Hartford area and, for the purpose of this decision, in Wethersfield, Connecticut. The plaintiff, George A. Hatch, a first cousin once removed of Grace E. Bliss, lives at 37 Dix Road, Wethersfield, Connecticut. He did not receive notice from anyone concerning the hearing of March 17, 1966, and therefore did not attend the hearing.

Other cousins and cousins once removed received actual notice. The plaintiff had attended the funeral of Grace E. Bliss, so that his existence was known to several of the heirs who had received legal notice.

The plea in abatement raises several issues: (1) Whether the publication of the notice of the hearing in the paper having a circulation in Wethersfield was legal notice to the plaintiff; (2) whether the publicity concerning the death of Grace E. Bliss in news stories printed in the Hartford area newspapers was legal notice; (3) whether the fact that the plaintiff knew of the death of Grace E. Bliss and attended her funeral was legal notice; (4) whether the appointment of an attorney for "first cousins and first cousins once removed" implies adequate representation to the plaintiff, and whether a notice to that attorney is notice to the plaintiff; (5) the issue raised by the plaintiff, whether the notice ordered by the Probate Court and published on March 2, 1966, for a hearing to be held on March 17, 1966, was legally sufficient to constitute a notice.

As to questions (1) and (2), "[N]o one is chargeable with constructive notice of a statement . . . or other matter printed in a newspaper, in the absence of a statute expressly authorizing such publication and declaring the effect of a compliance with its terms, or unless it is seen by the person to be charged. In other words, the notice is either actual or is inoperative, and the rule is not at all affected by the fact that the person to be charged was a subscriber to the paper or was in the habit of reading it." 39 Am. Jur. 245, Notice and Notices, § 21. The Supreme Court, in *Hartford Trust Co.* v. *West Hartford*, 84 Conn. 646, 652, went so far as to say that a marked copy of a newspaper containing an advertisement of the notice was ineffective as a legal notice even though it was mailed to the person

affected. The court concludes that, as to questions (1) and (2), the fact that the newspaper had a circulation in the Wethersfield area and that general news stories were also circulated in the newspaper was not legal notice to the plaintiff.

As to question (3), wherein the plaintiff knew of the death and attended the funeral, the answer is fully set out in *Canfield* v. *Wooster*, 26 Conn. 384. As a matter of fact, the *Canfield* case very well sets out the tone of almost all the questions in this case. Joseph P. Canfield was one of two brothers who were heirs at law of a decedent and who, having been apprised of a will, attended a meeting of the heirs and heard the will read. Canfield orally expressed himself as not being opposed to the admission of the will. Canfield knew of the approval of the will by the Probate Court and stated that he would not have attended had he received a notice of the hearing. Canfield had not received any notice of the hearing to admit the will. Subsequently, he filed a claim with duly appointed commissioners and attended a hearing held on his claim. He was dissatisfied with the allowance of only a portion of his claim and took an appeal from the decree approving the admission of the will some fifty-two days after the date of the approval of the will. The court *(Hinman, J.)* said that all of the knowledge that Canfield possessed was not tantamount to notice, and he was not estopped, nor had he waived, his right to appeal at the later date. Judgment was entered in favor of Canfield. It therefore can be concluded that the fact that George A. Hatch attended the funeral and had known of the death was not notice to him of the hearing held on March 17, 1966.

As to question (4), concerning the appointment of P. Corbin Kohn, the latter stated that he had made a search for possible cousins and cousins once

removed and had filed a list of said heirs with the Probate Court. He testified in the instant case that he had the name of George A. Hatch "in the spring [1966]" but did not have his address. The Hartford Probate Court, in the order made by it on September 23, 1966, when the name of George A. Hatch was submitted to the court, stated: ". . . it appearing to the Court that said person above named [George A. Hatch] has never received actual notice of the application for the admission of the will of said decedent to Probate and of the hearing thereon . . . ." Therefore, it is established by an order of the Probate Court that the plaintiff had not received actual notice. Attorney Kohn, in his capacity as attorney for possible "cousins and first cousins once removed," had Hatch's name but not his address. The court spent a moment or two checking the 1966 Price and Lee directory, both the Hartford suburban directory and the Hartford directory, and therein was listed "George A. Hatch, 37 Dix Road, Wethersfield." The court thereafter checked the 1965 and 1966 Southern New England Telephone Company books of Hartford, which included the names, telephone numbers and addresses of persons living in Hartford and surrounding area, including Wethersfield. There listed was G. A. Hatch, 37 Dix Road, Wethersfield. The court concludes that the name of George A. Hatch was known by the attorney appointed by the court and through inadvertency or some other reason notice was not given to him; that the mere appointment of Attorney Kohn was not sufficient notice to the plaintiff, and that the fact that Attorney Kohn represented the "cousins" was not sufficient to cover representation of George A. Hatch when in fact he did not represent George A. Hatch. Further, George A. Hatch was within easy reach of the attorney and could have easily been notified of the hearing.

As to the fifth and final issue raised by the plaintiff, regarding the number of days between the publication of the Probate Court's order and the hearing, it is established that the court ordered the notice to be published "in some newspaper . . . at least 15 days before the day set for said hearing." The order was, however, published on March 2 and the hearing was set for March 17, fourteen days later. It is established law in Connecticut that when the words "at least" are included in an order both terminal days are excluded. In one of Connecticut's leading cases, *Austin, Nichols & Co.* v. *Gilman,* 100 Conn. 81, the court said (p. 84) : "Unless settled practice or established custom, or the intention of the parties, or the terms of a statute, have included in the computation the date or act of accrual, it is to be excluded from the computation. This is not only our established rule, but the rule established by modern authority, applicable to all kinds of instruments, to statutes, and to rules and *orders of court.*" (Italics supplied.)

The rule of the exclusion of the date of the act for hearing has been applied in various types of cases in Connecticut, for instance: Statute of Limitations to promissory notes, *Blackman* v. *Nearing,* 43 Conn. 56; dissolution of attachments, *Miner* v. *Goodyear India-Rubber Glove Mfg. Co.,* 62 Conn. 410; dates of notes payable, *Avery* v. *Stewart,* 2 Conn. 69, 72; payable devise, *Sands* v. *Lyon,* 18 Conn. 18; "[w]hen so many days 'at least' are given to do an act . . . both terminal days are excluded", *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 139; notice of hearing of zoning board of appeals "not less than", *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532; notice of fall to city, *Lamberti* v. *Stamford,* 131 Conn. 397; board of selectmen's hearing on building lines, *Alderman* v. *West Haven,* 124 Conn. 391; zoning commission hearing

notice, *National Transportation Co.* v. *Toquet,* 123 Conn. 469; nomination by political parties, *State ex rel. Dawson* v. *Gleason,* 10 Conn. Sup. 205, 209; "at least" applied to filing notices in town clerks' offices, *Ribeiro* v. *Andover,* 19 Conn. Sup. 438, 441.

The sum total of this decision then comes to a point as to whether or not the hearing was ex parte as to George A. Hatch. In *Haverin* v. *Welch,* 129 Conn. 309, 312, the court said: "[I]f the notice satisfied the requirements of the statute, the decree of the court rendered upon such notice and after hearing was not ex parte within the meaning of the statute, but if the notice *did not* comply with the statutory requirements the decree would have been ex parte as regards the plaintiffs who had no notice and had not appeared. The rule established . . . is that a decree entered after notice given in compliance with the statutes and upon hearing is not ex parte . . . ." (Italics supplied.)

The court concludes that the notice claimed by the defendant executors did not satisfy the requirements of the statute and that the hearing as concerns Hatch was ex parte.

The plea in abatement is overruled.