[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in the above-captioned probate appeal is the sufficiency of the probate court's provision of notice to the plaintiff before appointment of a successor administrator of the estate of Marie F. Kerruish. The plaintiff claims that the probate judge took actions regarding issues that were not included in the notice of applications to be considered in a proceeding before the probate court for the district of Portland on January 28, 1997.
The parties submitted a joint stipulation containing what they considered to be the relevant facts. The only other evidentiary submission was the testimony of William Howard, who appeared as counsel for the plaintiff at the probate proceeding at issue.
 Standard of Review
An appeal from probate results in a trial de novo by the Superior Court of the issue decided in the probate court. Kerinv. Stangle, 209 Conn. 260. 263-64 (1988); Prince v. Sheffield.
CT Page 4177158 Conn. 276, 293 (1969). The Superior Court has jurisdiction to determine whether a probate court has complied with procedural requirements specified in applicable statutes. Phinney v. Rosgen,162 Conn. 36, 38 (1971); Haverin v. Welch, 129 Conn. 309 (1942);Hatch v. Connecticut Bank Trust Co., 26 Conn. Sup. 435, 441
(1966).
 Sufficiency of Notice
The parties have stipulated that Marie F. Kerruish died on March 27, 1986, that her will was admitted to probate in the Probate Court for the District of Portland on March 31, 1986, and that upon the resignation of the executor on December 3, 1992 the probate court appointed Paul A. Hudon to serve as administrator.
The parties have further stipulated that the plaintiff and defendant are both beneficiaries under the will and that on January 15, 1997 the probate court issued an Order of Notice of Hearing, Joint Exhibit B, notifying the plaintiff that it would conduct a hearing on January 28, 1997. The petitioner was identified in the hearing notice as the administrator, Paul Hudon; and the subject matter for the hearing was identified as follows:
 Upon the application of the petitioner for acceptance and allowance of Account dated 3/22/94 for period from 12/3/92 to 2/28/94 and of Account dated 1/2/97 for period from 2/28/94 to 1/2/97 and order of distribution as per application on file more clearly appears.
The application referred to reported the amount of the assets of the estate and "credits," that is, recommended disbursements for expenses of the estate and amounts to be paid to each of the beneficiaries. Neither the application nor the notice contains any mention of any proposed appointment of a successor administrator or any further proceedings concerning the estate.
 Notice Requirement The parties agree that the applicable notice provision with regard to actions taken by the probate court concerning the appointment of administrators of estates in probate is Conn. Gen. Stat. § 45a-286, which is made applicable by Conn. Gen. Stat. § 45a-290(b):
(b) If during the settlement of an estate, the executor or the CT Page 4178 administrator with the will annexed appointed by the court dies or resigns or is removed from such trust, and no alternate or successor has been named in the will, the court shall appoint an administrator of the estate with the will annexed, de bonis non, subject to the same provisions as to hearing, notice, waiver of or order dispensing with notice, selection of the administrator and bond, as are stated in this section and section 45a-286. [Emphasis supplied].
The cited statute, § 45a-286, provides for a hearing "of which notice, either public or personal or both, as the court may deem best, has been given to all parties known to be interested in the estate, unless all parties so interested sign and file in court a written waiver of such notice, or unless the court, for cause shown, dispenses with such notice."
The degree of specificity of the notice that is required depends on the context and the purposes for which notice is being provided. As to some kinds of hearings conducted by public boards or other governmental authorities, the nature and contents of the notice required is specified. See, e.g., Conn. Gen. Stat. §10-151.
Where, as in the context of notice of probate proceedings, the statute merely requires notice to be given, without specifying the content or form of the notice, the sufficiency of the notice must be adjudged in a manner consistent with the purpose of the notice requirement. The Connecticut Supreme Court has stated repeatedly that "the fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought."Hartford Electric Light Co. v. Water Resources Commission,162 Conn. 89, 110 (1971); Slagle v. Zoning Board of Appeals,144 Conn. 690, 693 (1957); Winslow v. Zoning Board, 143 Conn. 381,389 (1956).
Notice is adequate if it enables the parties having an interest to know what is proposed and, thus, to have an opportunity to protest. Hartford Electric Light Co. v. WaterResources Commission, 162 Conn. at 110; Smith v. F.W. WoolworthCo., 142 Conn. 88, 94 (1955).
A notice must include all the topics to be acted upon by the public body; Hartford Electric Light Co. v. Water Resources Commission,162 Conn. at 111; however, the notice need not specify the scope of its possible actions as to each topic, so long as the general topic of action CT Page 4179 has been announced in the notice to interested parties. Shrobarv. Jensen, 158 Conn. 202, 207-08 (1969).
The notice "is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing." Hartford ElectricLight Co. v. Water Resources Commission, 162 Conn. at 110;Kleinsmith v. Planning Zoning Commission, 157 Conn. 303, 310
(1968).
It is not enough to provide notice that a hearing will take place. To be meaningful and to serve the purpose of advising interested parties of the subjects that they must prepare to address, notice must include an accurate general description of the topics to be decided. In Osterlund v. State, 129 Conn. 591
(1943), where a hearing before the workers compensation commissioner was noticed as a hearing upon the plaintiff's application for an increase in compensation and for a change of doctors, the Supreme Court ordered a rehearing because the hearing officer went on to decide issues not contained in the notice, specifically, a finding that the applicant was no longer entitled to periodic benefits because he had reached maximum improvement.
The Supreme Court stated in Osterlund, 129 Conn. at 596, that "[i]t is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." The Court observed that the possibility that the same result would be reached at a hearing for which proper notice was provided did not justify "so serious a breach of the fundamental requirement of due process of law." Osterlund v.State, 129 Conn. at 597. See, in accord, Simmons v. Bonhotel,40 Conn. App. 278, 287 (1996).
The notice of the hearing at issue in the case before this court did not indicate that one of the actions to be taken would be the appointment of a successor administrator. The defendant argues that the reference to "an order of distribution as per application on file more fully applies" should have caused the plaintiff to check the file, determine that the administrator had also filed a resignation, and inferred that the court would be appointing a successor because of the resignation. Parties are entitled to direct notice, pursuant to Conn. Gen. Stat. § CT Page 418045a-286, not to notice that is merely the beginning clue in a scavenger hunt. The presence of the resignation in the text of the application did not necessarily indicate the immediate naming of a successor. The court could have been planning to schedule such action for a later hearing, or it could have regarded the account as final.
Since the purpose of notice is to allow parties to prepare for a meaningful presentation of the issues to be addressed by the court, notice cannot be seen as sufficient when it does not mention issues that would require different evidentiary presentations than the topics actually stated. Though the plaintiff's legal counsel was present at the hearing, the notice had not alerted him that it would be necessary to bring witnesses on the subject of the appropriateness of the defendant to serve as a successor administrator, rather than on the issues raised by the proposed distributions set forth in the application for acceptance and allowance of the account.
This court concludes that the appointment of Janet Morgan is invalid because the order appointing her was made without compliance with the applicable requirement of notice that such an appointment would take place at the hearing. The appeal is sustained and the order of the probate court appointing Janet Morgan as successor administrator is hereby vacated.
HODGSON, J.